EMPIRE STATE–IDAHO MINING & DEVELOPING CO. v. BUNKER
HILL & S. MINING & CONCENTRATING CO.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1903.)

No. 895.

1. RES JUDICATA—EFFECT OF REVERSAL OF JUDGMENT IN PART.
   Where, upon cross-writs of error from the same judgment, a portion
   of such judgment is affirmed and a portion reversed, the result is to
   reverse the entire judgment, and to remand the cause for a new trial,
   and no part of such judgment can be pleaded as an adjudication in bar
   of another suit.

2. ABATEMENT—PENDENCY OF ANOTHER SUIT—IDENTITY OF SUBJECT-MATTER.
   The pendency of a suit to enjoin the removal of ore from a mining
   claim by defendant as ancillary to an action of ejectment to recover
   possession of the part of the claim from which it was alleged that de-
   fendant was taking ore, is not a bar to a suit subsequently commenced
   by the same complainant to quiet its title to its entire claim, including
   extralateral rights not in controversy in the prior action.

3. MINING CLAIMS—POSSESSION—EXTRALATERAL RIGHTS.
   The possession and ownership of the surface of a lode mining claim
   is the possession of the lode to the full extent of the extralateral right
   of the owner of the claim.

4. SAME — DETACHED PORTION OF LODE — INTERSECTION OF EXTRALATERAL
   RIGHTS.
   The extralateral right of the owner of a lode mining claim extends to a
   portion of the lode between his end-line planes produced, although it is
   completely severed from that portion lying within the boundaries of the
   claim by the extralateral right of the owner of an older claim located
   on the same lode, whose end-line planes extended intersect both those
   of the newer claims, and his possession of the surface of his claim is
   possession of such detached portion of the lode.

5. SAME—SUIT TO QUIET TITLE—SUFFICIENCY OF BILL.
   A bill by the owner of a lode mining claim to quiet his title to his claim,
   including that portion of the lode within his extralateral rights, which
   alleges possession of the claim by complainant, does not negative such
   allegation as to a portion of the lode within such extralateral right, and
   show possession thereof in defendant, because it alleges a trespass there-
   on, and the removal of ore therefrom by defendant, and prays for an
   injunction.

6. SAME—JURISDICTION OF EQUITY—ADEQUATE REMEDY AT LAW.
   Where defendant owned a number of mining claims located on the
   same lode as the claim of complainant, under which it claimed extra-
   lateral rights in such lode adverse to those of complainant, and under
   one of which it had commenced to extract ore from such lode, the rem-
   edy of complainant at law by an action of ejectment was not adequate,
   so as to exclude the jurisdiction of equity to entertain a bill to quiet
   title to complainant's entire claim, including all that portion of the lode
   in which it claimed extralateral rights.

7. REVIEW ON APPEAL—ORDER GRANTING PRELIMINARY INJUNCTION.
   The granting of a preliminary injunction rests in the sound discretion
   of the trial court, and its decision will not be reviewed unless it appears
   that its discretion was improvidently exercised.

Appeal from the Circuit Court of the United States for the North-
ern Division of the District of Idaho.

The appellee, the Bunker Hill & Sullivan Mining & Concentrating Com-
pany, a corporation, brought its bill in equity against the appellant, the

¶ 3. See Mines and Minerals, vol. 34, Cent. Dig. § 75.

Empire State-Idaho Mining & Developing Company, to quiet title to the Stemwinder lode mining claim in Shoshone county, Idaho. The controversy relates more particularly to extralateral rights, and it may be best explained by reference to the following diagram:

The bill avers that the appellee owns and is in possession of the Stemwinder claim, the surface ground of which is indicated by the parallelogram a—b—d—c, excepting thereout such portions as are included within the surface lines of the Emma and Last Chance lode claims; also excepting such parts of the lode or vein which lie within the surface lines of the Emma and Last Chance claims, and such parts thereof as lie within the extralateral rights of said last-named claims as the planes thereof extended indicate upon the said diagram. The bill alleges that the course of the apex at the surface is as shown upon the diagram, and that its downward course is westwardly; that the appellee owns and is in possession of all of the said vein throughout its entire depth on its downward course between the end-line planes of said Stemwinder claim marked upon the diagram respectively b—a—e—f and d—c—g—h, excepting therefrom such underground parts of said vein as are included within planes drawn through the end lines of said Emma lode claim from 1 to y, and vertical planes drawn through the end lines of the Last Chance claim, 2—1—5 and 3—4—6. The portion of the underground vein which is in controversy is defined by planes e—f and g—h, the same being the end lines of the Stemwinder extended beyond the planes of the end lines of the Emma and Last Chance claims. The bill avers that the appellant claims an interest adverse to the appellee in that portion of said vein which lies northerly and westerly of the northerly end line plane of the Last Chance claim, 2—1—5, and that such claim is false and groundless, and is a cloud upon the appellee's title; that since September 1, 1899, the appellant, by means of underground works, of which it has exclusive possession and control, has penetrated into that part of the underground vein so claimed to lie within the Stemwinder extralateral boundaries, and beyond the end line plane of the Last Chance northern boundary, and that said underground vein, where so penetrated, contains large and valuable ore bodies which the appellant is extracting and threatens to extract and remove unless enjoined. Upon the filing of the bill an application was made for an injunction. The application was heard upon affidavits and counter affidavits, and thereupon the appellant was enjoined from extracting such ore pending the suit. On July 12, 1902, the appellant filed a demurrer and an answer to the bill under a stipulation providing that the demurrer should not be deemed to be waived by the answer, and thereafter the demurrer was argued and was overruled. Upon application of the appellant, the injunction order was thereafter vacated, and a further hearing was had upon the application for an injunction, and on the pleadings and the affidavits which were already on file. The court again enjoined the appellant as before. From that injunction the present appeal is taken. See 106 Fed. 471; 108 Fed. 189.

W. B. Heyburn, for appellant.

Curtis H. Lindley, Henry Eickhoff, M. A. Folsom, and John R. McBride, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is assigned as error that the court overruled the plea which was filed by the appellant at the time of the hearing of the application for the injunction. The matter of the plea was, first, a former judgment between the two parties; and, second, another action pending. The plea of a former judgment alleges: That on September 29, 1898, an action at law was commenced by the appellee against the appellant and the Last Chance Mining Company, in which the appellee alleged that it owned the Stemwinder mining claim, together with the lode or vein above referred to, and on its downward course, including the ledge and ore bodies which are in controversy in the present suit, and that the appellant and the Last Chance Mining Company were in possession of said ore bodies, and demanded judgment for the recovery and possession of the said property, and for the sum of $200,000 damages for ore extracted therefrom. That the defendants therein answered, denying the title of the appellee and its possession, and denying that the appellant was in possession of said lode, or had extracted therefrom the ore as charged in the complaint. That the said cause was tried before the court without a jury, and a judgment was rendered in favor of the plaintiff therein as to that portion of the Stemwinder lode lying between lines drawn on the plane of the south side line of the Emma claim and the south end line of the Stemwinder claim extended in their own direction, but in favor of the defendants therein as to all of the ground claimed by the Last Chance Mining Company in its answer in said action. That upon separate writs of error from this court to review said judgment that portion of the judgment of the Circuit Court in favor of the defendants was affirmed, and that portion thereof in favor of the plaintiff in said action was reversed. The plea of the pendency of another suit alleged that a suit in equity was brought by the appellee against the appellant, the appellee alleging therein the same facts as in its present bill in this suit, and praying for the same relief. As to the first portion of the plea it is sufficient to say that the premises in controversy are not the premises in controversy herein, and that no final judgment is pleaded. The reversal of a portion of said judgment by this court upon the writ of error was a reversal of the whole thereof, and operated to set aside the affirmance of the judgment which was adjudged upon the first writ, and to remand the cause for a new trial. Montana Mining Company v. St. Louis Mining & Milling Co., 186 U. S. 24, 22 Sup. Ct. 744, 46 L. Ed. 1039. The plea of another suit pending refers to a suit in equity which was ancillary to the action of ejectment just referred to. It was brought for the purpose of preserving, pending the law action, the ore bodies lying within the conflicting segments claimed respectively by the owner of the Last Chance and the appellee herein. The appellant

claimed no right to the ores in controversy, but it denied that it had invaded the disputed premises. The only relief prayed for was an injunction to restrain the extraction of ore pending the law action. In the present suit the relief prayed for is a decree to quiet the appellee's title to the whole vein lying within the Stemwinder's extralateral rights, and does not include the point where it was alleged in the action at law that the appellant had trespassed. We find no error in the ruling of the court upon the plea.

It is contended that the demurrer to the bill should have been sustained both for want of equity and for the reason that the appellee had an adequate remedy at law. It is said that there is no equity in the bill, for the reason that it appears therefrom that the possession of the property in controversy is not in the appellee, but is in the appellant. In answer to this the appellee points to the averments of the bill, which it claims establishes the fact of its possession. It is alleged therein that the appellee is in possession of the Stemwinder lode claim, describing its boundaries, and that within said claim is a' mineral-bearing lode the apex of which runs through said claim northwesterly and southeasterly and across the end lines thereof, and that its downward course is to the westward, and that it extends indefinitely beyond the side lines of the claim, and within vertical planes extended in the direction of the end lines, and beyond the vertical plane of the northwesterly boundary of the Last Chance claim. The bill proceeds to allege that the appellee is in possession of all of said lode or vein so extending beyond the plane of the northwesterly end line of the Last Chance claim, and within the vertical planes of the end lines projected. Here is an averment of possession of all that part of the lode which is in controversy in this suit, the only qualification of the possession so alleged being that the appellant has trespassed on a certain portion of said lode, and is engaged in extracting the ore therefrom. But it is admitted on the argument that the possession of the appellee, if it has possession of the premises in controversy, is not an actual occupation of the ledge at any point within the lines f—e—g—h as shown upon the plat, but that it is such possession as the law imputes to the possessor and owner of the Stemwinder claim. We held in Montana Mining Company v. St. Louis Mining & Milling Company, 42 C. C. A. 415, 102 Fed. 430, that the possession and ownership of the surface of a lode mining claim is the possession of the lode to the full extent of the extralateral right of the owner of the claim. A new and important question, however, arises in the present case from the fact that the extralateral right claimed by the appellee is cut in twain by those of the Emma and Last Chance claims, and that thereby that part of the lode which is in controversy in the present suit is detached from that part which apexes within the appellee's claim. It is contended by the appellant that by the intervention of the extralateral rights belonging to the Emma and Last Chance claims the extralateral right of the appellee is cut off, and the appellant asserts the right to mine the ledge in question by reason of other claims located to the northwestward of the Last Chance, but subsequent in time to the Stemwinder location. We know of no case in which this pre-

cise question has been presented. In Empire State-Idaho Mining & Developing Company v. Bunker Hill & Sullivan Mining Company, 52 C. C. A. 219, 114 Fed. 417, this court recognized the extralateral right of the San Carlos claim beyond the point where the prior extralateral right of the Viola claim ended, but in that case the Viola extralateral right did not wholly intervene at any point to cut off the ore body to which the San Carlos had the extralateral right; in other words, there was in that claim upon the outcrop of the ledge in the surface location a point from which the owners of the San Carlos could, without interruption and continuously, proceed on the ledge on its downward course to the full extent of the extralateral right awarded by the court. By section 2336 of the Revised Statutes [U. S. Comp. St. 1901, p. 1436] it is provided that where two or more veins intersect or cross each other the prior locator shall be entitled to all the mineral contained within the space of intersection, and that the subsequent locator shall have the right of way through the space of intersection for the purpose of the convenient working of his mine. The case so provided for by statute is not the precise case of two conflicting extralateral rights upon the same ledge, which is here presented, but in principle it is the same. If the vein upon which the Stemwinder is located were in fact a separate vein from that on which the Last Chance is located, but passed through the latter in the same direction in which extralateral rights are claimed in the present suit, there could be no doubt of the right of the owner of the Stemwinder to pursue the vein beyond the point of intersection, and to maintain a right of way through the vein of the Last Chance at the point of intersection. We see no reason why that right, which is so recognized by the statute, and which would probably be recognized in the absence of a statute, shall be denied when the point of intersection of extralateral rights is not upon separate veins, but upon the same vein. If this conclusion is correct, it follows, we think, that the possession of the ore body at the surface carries with it the possession of all that belongs to the location. The mining right is an integral one. It is secured by a single location. The title to it is conveyed by one patent. The bill, moreover, does not recognize possession in the appellant of the ore body to which the appellee seeks to quiet title. It alleges a trespass upon the vein, and the extraction of ore therefrom, and the threat of the appellant to continue to extract such ore. These facts call for the intervention of equity. Simmons Creek Coal Company v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063; Pardee v. Murray, 4 Mont. 234, 2 Pac. 16; Barr v. Gratz, 4 Wheat. 213, 4 L. Ed. 553; Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113.

Nor do we find that the court erred in overruling the demurrer on the ground that the appellee had an adequate remedy at law. It is true that by an action of ejectment the appellee might have determined the question of its title and right to the possession of that particular portion of the ledge upon which the appellant is alleged to have trespassed. But that relief is not all that the appellee is entitled to, if the averments of the bill are true. The suit is brought to determine the adverse claims of the appellant as to

the whole of the ore body lying between the planes of the appellee's end lines projected beyond the extralateral rights of the Last Chance. In answering an action of ejectment, the appellant would have been required to set up only its claim of right and title to the ore body at the particular spot where it had taken possession. The judgment would have left undetermined the question of its right to other portions thereof. That it in fact asserted adverse claims to other portions is shown by its answer in this suit, in which it set up ownership of several claims located along the lode northwestward from the Last Chance claim, the extralateral rights of which would, but for the Stemwinder location, include separate portions of the ore body the title to which the appellee seeks to quiet. No remedy would be adequate unless it quieted the title of the appellee to the whole subject of the controversy. As was said in Kilbourn v. Sunderland, 130 U. S. 506, 514, 9 Sup. Ct. 594, 596, 32 L. Ed. 1005: "The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances." See, also, Gormley v. Clark, 134 U. S. 349, 10 Sup. Ct. 554, 33 L. Ed. 909; Coosaw Mining Company v. South Carolina, 144 U. S. 550, 12 Sup. Ct. 689, 36 L. Ed. 537.

The remainder of the assignments of error challenge the injunction order on the ground that it was not sustained by the facts as they were shown by affidavits upon the hearing. These are matters which pertain to the merits of the controversy. Upon an inspection of the affidavits and the issues in the case, we are not convinced that the court abused its discretion in granting the injunction. The question of granting an injunction pending the suit was one which rested in the sound discretion of the trial court, and its decision will not be reviewed unless it appears that legal discretion was improvidently exercised. Duplex Printing Press Co. v. Campbell Printing Press & Mfg. Co., 16 C. C. A. 220, 69 Fed. 250; Bissel Carpet Sweeper Co. v. Goshen Sweeper Co., 19 C. C. A. 25, 72 Fed. 545; Southern Pacific Co. v. Earl, 27 C. C. A. 185, 82 Fed. 690.

The decree is affirmed.