VOGEL et al. v. WARSING et al.

(Circuit Court of Appeals, Ninth Circuit. June 27, 1906.)

No. 1,216.

1. MINES AND MINERALS—LOCATION CERTIFICATE—DISCOVERY OF MINERAL—PRESUMPTIONS.

Where the validity of a location had been unchallenged for more than five years up to the commencement of ejectment, and the original locators were absent from the country, the certificate of location created a presumption of discovery of mineral and of a valid location, especially on an application for a preliminary injunction depending on affidavits in which plaintiff appeared as a subsequent locator and attached the title of the prior locator and that of his successor in interest.

2. SAME—LOCATION NOTICE—DESCRIPTION OF CLAIM—PERMANENT LANDMARKS—MONUMENTS.

Where a mining claim location notice described the claim by metes and bounds and with reference to stakes set in the land, adding that the claim lay "about a mile from Anvil Mountain in a southeasterly direction," the notice was not defective for failure to point out a particular portion of Anvil Mountain as the beginning point.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, § 46.]

3. INJUNCTION—PRELIMINARY INJUNCTION—DISCRETION.

The granting or withholding of an injunction pendente lite ordinarily rests in the sound discretion of the court to which the application is made.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 304.]

4. APPEAL—DISCRETION—PRELIMINARY INJUNCTION—DENIAL—REVIEW.

An order denying an application for a preliminary injunction will not be reversed on appeal, unless there has been a plain disregard of the facts or of settled principles of equity applicable thereto.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3818–3821.]

5. INJUNCTION—PRELIMINARY INJUNCTION—DENIAL—DISCRETION—EVIDENCE.

Where, in a suit to recover possession of certain mineral ground, complainants prayed an injunction pendente lite, but it was shown that complainants were subsequent locators, on substantially all the ground covered by their claim, and there was also evidence indicating that none of the ground was open to relocation at the time plaintiff located it, the denial of the injunction was not an abuse of discretion.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 307–308.]

Appeal from the District Court of the United States for the District of Alaska.

This is an appeal, under section 507 of the Code of Civil Procedure of Alaska, from an order denying an injunction pendente lite, the application for which was made in an action of ejectment brought by the appellants to recover the possession of the Happy Four mining claim, situated on a bench above Dry creek in the Cape Nome mining district, Alaska, containing 75.725 acres. In the complaint it was alleged that the appellants had owned said claim since January 1, 1901, and that on December 1, 1904, the appellees ousted them of the possession. Upon filing the complaint and issuing summons thereon, the appellants made their motion for an injunction pendente lite to enjoin the extraction of gold from the claim, and supported the same by affidavits alleging that the defendants were mining on certain portions of the claim. An order to show cause why the injunction should not be granted was made and served. Thereafter affidavits were filed by and on behalf of the appellees in opposition to the motion, and certain of the appellees filed an answer asserting that they owned the Panorama mining claim, which is a portion of the land described in the complaint. Counter affidavits were filed by the appellants, and after a hearing the injunction was denied. In their affidavits the appellees claimed the right to mine upon certain portions of the land described in the complaint. Those portions are represented by mining locations designated the "Panorama," the "Big Two," and the "Morning Star" claims, respectively. It was deposed that the Panorama was located on August 30, 1899; that the Big Two was located on February 2, 1903, and the Morning Star was located on April 11, 1903.

Albert Fink, J. K. Wood, John Rustgard, Charles Page, Edward J. McCutchen, and Samuel Knight, for the appellants.

Woodworth Clum, Joseph C. Campbell, W. H. Metson, F. C. Drew, and C. H. Oatman, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that the court erred in denying the injunction pendente lite, for the reason that it appeared from the pleadings and the affidavits of the appellants that the Happy Four claim was located on January 1, 1901, on vacant unappropriated public land, and that

the locations under which defendants claim the right to mine were made subsequent to that date, excepting that of the Panorama claim, and that, as to that claim, the location of the original locators was void for two reasons: First, that no affidavit of discovery of gold therein is shown by the record; and, second, that the location notice is defective for the lack of a proper reference to a natural object or permanent monument, as required by section 2324 of the Revised Statutes [U. S. Comp. St. 1901, p. 1426]. The appellees, who claim to own the Panorama claim, are Clum, Cochran, and Briggs. They claim to be owners as purchasers, and not as locators. As the original locator and his witness were absent from Alaska, their affidavits could not be obtained. The validity of the location had been unchallenged for more than five years and up to the time of the commencement of the present action. It has been held that under such circumstances the certificate of location creates a presumption of discovery of mineral and of a valid location. Harris v. Equator Mining & Smelting Co. (C. C.) 8 Fed. 863, 5 McCrary, 14; Cheesman v. Shreeve (C. C.) 40 Fed. 791; Cheesman v. Hart (C. C.) 42 Fed. 98. Especially should such a presumption be indulged in a summary proceeding instituted at the beginning of a suit where the granting or withholding of an injunction depends upon facts presented by affidavits and rests largely in the discretion of the trial court, and where a subsequent locator attacks the title of the prior locator or that of his successor in interest. In view of these considerations, we are not authorized to say that the court erred in denying the injunction sought for, on the ground that the location notice failed to mention the discovery of gold on the claim, and this conclusion is aided by the affidavit of Warsing, who had a lay on the claim and deposed that pay had been discovered by him and his co-lessees, and that "gravel on said claim is exposed on the surface on many parts thereof and carries fine gold throughout, so that panning from the surface is easily done and colors are easily found."

Unless some convincing reason for it appears, we ought not to decide the merits of a case before they are decided in the court below, and we do not think it would be proper, upon the showing made in this case, to render a decision on the merits of the contention that the location of the Panorama claim is invalid for want of a permanent monument for its identification. It is sufficient to say that, upon the evidence which was before the court below, we are not convinced that there was error in refusing the injunction on that ground. The location notice is headed "Bristow Gulch Cape Nome Mining District." It describes the claim by metes and bounds and a reference to stakes set in the ground, and adds that the claim "lies about one mile from Anvil Mountain in a southeasterly direction." The defect of this notice is said to be that it points out no particular portion of Anvil Mountain as a beginning point. Such a defect, however, in the light of the information contained in the affidavits, is not necessarily fatal. We are not advised of the shape or dimensions of the mountain; but, in the absence of evidence to the contrary, we must assume that it was a recognized landmark. What are natural objects or permanent monuments are often questions of fact. Hammer v. Garfield

Mining, etc., Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964; North Noonday Mining Co. v. Orient Mining Co. (C. C.) 1 Fed. 522, 6 Sawy. 299; McEvoy v. Hyman (C. C.) 25 Fed. 596; Flavin v. Mattingly, 8 Mont. 242, 19 Pac. 384. In Flavin v. Mattingly, the mining claim was described as located about one-fourth of a mile from Park Canyon. This was held sufficient. In Brady v. Husby, 21 Nev. 453, 38 Pac. 801, the claim was located on the "Cortez Mountain." The court said:

"The record makes one reference to what must be presumed to be a natural object, the Cortez Mountain."

In Hammer v. Garfield M. & M. Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964, the court said:

"Mining lode claims are frequently found where there are no permanent monuments or natural objects other than rocks or neighboring hills. Stakes driven into the ground are, in such cases, the most certain means of identification. Such stakes were placed here with a description of the premises by metes, and, to comply with the requirements of the statute as far as possible, the location of the lode is also indicated by stating its distance south of 'Vaughn's Little Jennie mine,' probably the best known and most easily defined object in the vicinity."

The location of the Panorama claim is also aided by the reference to the Bristow Gulch. Presuming, as we must, that Anvil Mountain is a well-known permanent object, one attempting to find the location of the claim, proceeding in the proper direction and distance from that mountain, and having in view its location on Bristow Gulch, would, it would seem, be able to find the stakes which indicate the lines of the Panorama claim. We do not consider important the dispute in the affidavits as to whether or not the so-called Bristow Gulch is really a gulch or merely a depression or draw through which water runs in the summer season. By the laws of Alaska provision is made for recording affidavits of the performance of annual labor on mining claims, and certain copies of such affidavits were introduced which had been recorded in the years 1900, 1901, 1902, 1903, and 1904, and which purported to show that the annual assessment work on the Panorama claim was done during each of those years. The first of those affidavits was made by the appellee Clum and states that, during the months of August and September, 1900, more than $100 worth of work was performed on the claim, that the work consisted of numerous prospect holes sunk to an average depth of 10 feet, that the work was done at the instance of the owners, and that the claim was located on Bristow Gulch, a tributary of Bourbon creek in the Cape Nome mining district.

Although it appeared from the affidavits that the appellees who claimed to own the Morning Star asserted their claim thereto under a location made on April 11, 1903, the land covered by that claim had been first located in December, 1899, a year prior to the date when the appellants located the Happy Four claim. The original locator of the Morning Star stated in his affidavit that in the spring of 1900 he made a discovery of gold thereon and panned frequently on the claim. Peter Petersen, the locator of the Morning Star, stated in

his affidavit that he had been intimately acquainted with the ground covered by that claim since the spring of 1901, and that during the year 1902 he was carefully watching the ground, and that no work of any kind was done on the claim during that year. In his affidavit he further stated that in June, 1901, he was about to locate Basin Bench No. 2, now known as the Big Two, when he saw that a location had been made and a notice signed by one Grosdidier, and that the assessment work thereon was done for that year, so that it was not then open to relocation. This claim also, according to one of the affidavits, had been first located in December, 1899. By all of these affidavits the right of the appellants to locate that portion of their claim which includes the ground within the limits of the Morning Star and the Big Two was distinctly put in issue, and the appellants' title denied. There are numerous other affidavits which allege prior locations on substantially all of the ground covered by the Happy Four claim, and which tend to indicate that none of that ground was open to relocation on January 1, 1901. But it is not necessary here to refer to such affidavits, for the reason that the persons who claim to own said claims are not made parties defendant to the complaint and are not named in the appellants' affidavits, and the appellees are not shown to be mining on that portion of the ground described in the complaint.

No allegation appears anywhere in the record of the insolvency of the appellees or of their inability to respond in damages. The granting or withholding of an injunction pendente lite ordinarily rests in the sound discretion of the court to which the application is made. It is not for this court to say whether it would have granted or withheld an injunction upon the showing which was made in the court below. We must recognize that upon that court was imposed the responsibility of the exercise of sound discretion upon the case as it was presented. Unless there has been a plain disregard of the facts or of the settled principles of equity applicable thereto, the exercise of the discretion of that court is not subject to reversal in this. Empire State-Idaho M. & D. Co. v. Bunker Hill & S. M. & C. Co., 121 Fed. 973, 58 C. C. A. 311, 316; Shea v. Nilima, 133 Fed. 209, 66 C. C. A. 263, 270; Chickering v. Chickering & Sons, 120 Fed. 69, 56 C. C. A. 475.

Applying these settled principles to the case at bar, we find no ground to reverse the decision of the District Court.

Its order will be affirmed.