BUSH v. PIONEER MINING CO. et al.

(Circuit Court of Appeals, Ninth Circuit.   May 20, 1907.)

No. 1,409.

APPEAL—REVIEW—DISCRETION OF COURT—INJUNCTION—PRELIMINARY INJUNC-
TION.

> The discretion of a court in granting or refusing a preliminary injunc-
> tion, where the evidence is conflicting and the rights of the parties cannot
> properly be determined except on final hearing, is not subject to review
> by an appellate court unless there has been a plain disregard of facts or
> of settled principles of equity.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
> § 3818.]

Appeal from the District Court of the United States for the Second
Division of the District of Alaska.

Clay Allen and Hobbes & Bell, for appellant.

Joseph Hutchison, J. C. Campbell, W. H. Metson, and F. C. Drew,
for appellees.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District
Judge.

ROSS, Circuit Judge.   The appellees being in possession of a cer-
tain piece of mining ground near Nome, Alaska, and engaged in ex-
tracting gold therefrom, the appellant, claiming to be the owner of an
undivided one-fourth of the ground by virtue of a location thereof
under the name "Big Clid Fraction Claim," made on the 1st day of
August, 1900, by one F. F. Bowers, and by virtue of a subsequent
location made by Bowers of the same ground on the 12th day of
January, 1901, under the name "Daisy Placer Mining Claim," com-
menced in the court below an action at law to recover the possession
of the ground from the defendants, and on the same day commenced,
in the same court, a suit to enjoin the defendants from working the
ground or extracting therefrom any material, which actions, it ap-
pears from the record, were consolidated in the court below.   An ap-
plication was made by the appellant to the trial court for a preliminary
injunction, which was heard upon numerous and voluminous affidavits
filed on behalf of the respective parties, and resulted in an order deny-
ing the temporary writ applied for, from which order the present ap-
peal comes.

The appellees, who were defendants in the court below, based their
alleged rights to the ground mainly upon a location of the ground in
controversy made by one Axel Olsen on the 11th day of June, 1899,
under the name "Bear Cub Claim," and also under an attempted re-
location of the same ground by one Elmer Reed on the 5th day of
January, 1901.   The affidavits filed on behalf of the respective parties
are very conflicting, many of those filed on behalf of the defendants
being to the effect that the boundaries of the Bear Cub Claim—the
older location—were so marked on the ground that they could be
readily traced, and that the locators thereof, and their successors
in interest, performed the annual assessment work thereon required

by law. The sufficiency of the Bear Cub location, as well as the fact as to the doing of the annual assessment work thereon by the defendants and their predecessors in interest, are contested in the affidavits filed on behalf of the plaintiff in the court below. Those questions, as well as questions growing out of the locations under which the appellant claims, cannot be properly determined in advance of the trial of the case upon the merits. There has been no such trial in the court below, and we do not, therefore, think it best to discuss the respective contentions in advance of their consideration and determination by the trial court. For, as we said in the recent case of Vogel v. Warsing, 146 Fed. 949, 77 C. C. A. 199:

"Unless some convincing reason for it appears, we ought not to determine the merits of a case before they are decided in the court below."

It was in that case further said by this court:

"The granting or withholding of an injunction pendente lite ordinarily rests in the sound discretion of the court to which the application is made. It is not for this court to say whether it would have granted or withheld an injunction upon, the showing which was made in the court below. We must recognize that upon that court was imposed the responsibility of the exercise of sound discretion upon the case as it was presented. Unless there has been a plain disregard of the facts or of the settled principles of equity applicable thereto, the exercise of the discretion of that court is not subject to reversal in this."

Applying those settled principles to the record in the present case, we must affirm the order appealed from.

Order affirmed.