ALASKA PAC. RY. & TERMINAL CO. v. COPPER RIVER & N. W. RY. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1908.)

No. 1,491.

1. PUBLIC LANDS—RAILROADS—RIGHT OF WAY.
    Where, prior to a survey, certain oil claims had been located on the public land in controversy in Alaska, such claims, if valid, withdrew the land from entry, so that a railroad company could not obtain a right of way over the same under Act Cong. May 14, 1898, c. 299, § 2, 30 Stat. 409 (U. S. Comp. St. 1901, p. 1575), granting rights of way to railroad companies over public lands in Alaska; etc.

2. INJUNCTION—PRELIMINARY INJUNCTION—CROSSING RAILROADS.
    Where a preliminary injunction was sought to restrain one railroad from crossing another on a trestle at grade, both roads being then in process of construction at a point beyond the crossing, and it appeared that the crossing was no obstruction to the work of the complainant in the further extension of its road, and was of no substantial injury to it at the time the injunction was prayed, the injunction was properly denied pending hearing on the merits, under the rule that a preliminary injunction will never be granted unless from the pressure of an urgent necessity, and to prevent damage of an irreparable character.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 305–307.]

3. APPEAL AND ERROR—DISCRETION—PRELIMINARY INJUNCTION—REVIEW.
    The granting or withholding of an injunction pendente lite is ordinarily within the sound discretion of the court to which application is made, the ruling of which will not be reversed on appeal unless there has been an

abuse of discretion evidencing a disregard of the facts or the principles of equity applicable to the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3818–3821.]

Appeal from the District Court of the United States for the First Division of the District of Alaska.

The appellant was the complainant in a bill filed on May 9, 1907, in which it alleged its ownership of a certain tract of ground consisting of 40 acres which it designated "Terminal Tract No. 1 B," situated near Katalla, Alaska, which tract it alleged it had acquired for a railway terminal under the act of Congress of May 14, 1898, c. 299, § 2, 30 Stat. 409 (U. S. Comp. St. 1901, p. 1575), granting rights of way to railroad companies over public lands in Alaska, and the right to take public land for station and terminal purposes. The bill alleged that the appellees were threatening to construct a railroad across said terminal tract, against the protest of the complainant, and prayed for an injunction pendente lite restraining the appellees from entering upon said tract, and from erecting thereon any structure for railroad purposes. On June 5, 1907, the appellees appeared to show cause why such injunction should not be issued. On that day the appellant filed an amended bill alleging, in addition to the averments of the original bill, that it owned a right of way 200 feet in width across said terminal tract No. 1 B, and prayed that the appellees be enjoined from crossing said right of way with the railroad which they were constructing, as well as from crossing the said terminal tract. The appellees answered, and upon the issues presented, and the affidavits and exhibits on behalf of the respective parties, the court below denied the application for an injunction pendente lite. From that order the present appeal is taken.

The appellant was incorporated under the laws of the state of Washington in May, 1905. A certified copy of its articles of incorporation was filed in the office of the Secretary of the District of Alaska on May 17, 1905. A certified copy was also tendered for filing with the Secretary of the Interior, but it was ruled that the same could not be filed for the reason that the articles did not comply with the requirements of the act of Congress. The appellant thereafter executed amended articles of incorporation, and filed the same in the office of the Secretary of the State of Washington on February 24, 1906. A certified copy of the amended articles was filed also in the office of the Secretary of the Interior in April, 1906. The appellant is engaged in constructing a railway from Inner Martin Island on Controller Bay, south of the mouth of Copper river in Alaska, northeasterly to the coal fields near Bering Lake and to other points in the interior of the District of Alaska. In June, July, and August, 1905, the appellant caused a survey to be made of Inner Martin Island, and of tract No. 1 B for a terminal yard, and caused to be made a preliminary survey of the first 14 miles of the right of way of its railroad from Inner Martin Island to the coal fields on Bering Lake. Previous to that time, in the month of December, 1904, one Peter F. Byrne had caused a survey to be made by a United States deputy surveyor, under the soldiers' additional homestead scrip act, of a large portion of the grounds subsequently so designated as terminal tract No. 1 B. This survey was approved by the Surveyor General for the District of Alaska, as of nonmineral ground, and prior to the survey of terminal tract No. 1 B the appellant had purchased from said Byrne a relinquishment of all his rights under the said soldiers' additional homestead scrip survey. But some four or five years previous to this time, it appears that a number of notices of location for oil claims, two of which covered the land in controversy, had been filed with the United States Commissioner for record, and remained of record at the time of the hearing in the court below. The appellee, the Copper River & Northwestern Railway Company, is a corporation organized under the laws of the state of Nevada. In its original articles, Valdez is named as its terminus upon the Pacific Ocean. It was subsequently decided to change its terminus to Palm Point, on Controller Bay, about a mile south and east of the appellant's terminus. It is engaged in

constructing a road from that point northerly along the coast line to the valley of Martin river, and up that river to Copper river, and thence to the copper fields in Copper River Valley. It did not show in the court below evidence that it had filed with the proper officials amendments of its articles, showing such change of terminus, and therefore did not present proof of the right of the appellees to construct a line from Palm Point or across the appellant's line or terminal tract.

Harold Preston, Shackleford & Lyons, and F. M. Brown, for appellant.

W. H. Bogle, Charles P. Spooner, and Winn & Burton, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The record here presents a case of two railroad companies, constructing roads over disputed ground. The appellees, if they build their road from Palm Point, must of necessity cross the terminal tract No. 1 B of the appellant, and also the appellant's road. The record shows that, at the time of the application for the injunction, both companies were actively engaged in construction. The appellees had 500 or 600 men at work and a large amount of supplies on the ground. The appellant had constructed 1,000 feet of piling for its track, across which ran the road of the appellees. The court below found the evidence insufficient to sustain the appellant's claim of title to the land in controversy. Upon a careful consideration of the record, we cannot say that there was error in that conclusion. If the mineral locations made upon the ground in 1901 were valid and subsisting, the appellant had neither title to nor right of way over the land in controversy, for it was not public land. The appellant claims under the act of May 14, 1898, and under the rights acquired through the homestead scrip survey of Byrne, but the latter has not ripened into title, and, as to the former, the statute limits the right of the railroad company to public lands. No steps have been taken to cancel the oil locations.

The appellant contends that the appellees can acquire no right to construct a railroad over the land in controversy, and that its survey is of no avail, for the reason that it had not assumed in its articles of incorporation the right to construct a road from Palm Point; citing Washington & Idaho Railroad Company v. Osburn, 160 U. S. 103, 16 Sup. Ct. 219, 40 L. Ed. 346. But the principal question here is not what are the rights of the defendant to construct its railroad. It is, rather, what are the rights of the respective parties in and to the particular tract of land in controversy? Has the appellant the title thereto, and is it vested with the exclusive right of possession? If so, the acts of the appellees will be enjoined on the final hearing, and should now be enjoined if the resulting injury is irreparable. But the appellees claim the right of occupation of the tract by reason of mineral locations made in 1901 and not canceled of record. The appellant answers that the mineral locations are void for want of discovery of oil and for want of annual assessment work. The appellees deny this, and contend that the evidence shows both discovery and assessment work. The court below declined to pass upon the question of title, both because of doubt as to the respective rights of the parties,

and because of the doctrine announced in Cosmos Exploration Co. v. Grey Eagle Oil Co., 190 U. S. 301, 24 Sup. Ct. 860, 47 L. Ed. 1064.

It is to be observed also that there is lack of proof of irreparable injury to the appellant in the proposed construction of the appellees' road. The evidence in the record shows that the appellant has constructed its road from its terminus toward the coal fields at Bering Lake, a short distance past the point where the appellees' road crosses its line; that at that point the track is placed upon a trestle some 15 or 20 feet above the surface of the ground. The appellees' road, also upon a trestle of like height, crosses the appellant's road at grade. Such a crossing of the roads is no obstruction to the work of the appellant in the further extension of its road toward the coal fields, and is no substantial injury to it. The appellees' road would be a substantial obstruction, however, to the use of the terminal tract No. 1 B by the appellant if the latter showed any necessity for the immediate use of the same for the construction of its terminal yards. But no such necessity is shown. By the time when the appellant's road shall be extended to the coal fields, and need shall arise for the occupation of the terminal tract, it is probable that the merits of the whole controversy will have been determined on the final hearing, and the appellant's rights conserved by the final decree. The appellees assert that the articles of the Copper River & Northwestern Railway Company have been so amended as to permit the construction of their road from Palm Point. No proof of this fact was presented in the court below, but, if it be true, they will have the opportunity to establish it in the court below. In the meantime, a temporary injunction such as was prayed for in the court below would work serious, if not irreparable, injury to them. In the light of these considerations, we think the injunction was properly denied.

The office of a preliminary injunction is to preserve the subject of the controversy in its present condition, in order to prevent the perpetration of a wrong, or the doing of an act whereby the subject of the controversy may be materially injured or endangered, until a full investigation of the case may be had. "A preliminary injunction will never be granted unless from the pressure of an urgent necessity. The damage threatened, and which it is legitimate to prevent, during the pendency of the suit, must be, in an equitable point of view, of an irreparable character." 16 Am. & Eng. Enc. of Law, 345. And the rule is well settled that the granting or withholding of an injunction pendente lite ordinarily rests in the sound discretion of the court to which the application is made, and that the ruling thereon is not subject to reversal in an appellate court unless there has been abuse of discretion evidenced by a disregard of the facts or of the principles of equity applicable to the case. Vogel v. Warsing, 146 Fed. 949, 77 C. C. A. 199, and cases there cited. The order of the court below is affirmed.