**WESTERN FRUIT GROWERS, Inc., et al. v. UNITED STATES.**

**No. 9717.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1941.

G. V. Weikert, of Los Angeles, Cal., for appellants.

Wm. Fleet Palmer, U. S. Atty., and William F. Hall and Walter M. Campbell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The complaint herein is entitled "For Injunction to Enforce and to Prevent Violation of Agricultural Marketing Agreement Act of 1937" and alleges that it is a proceeding brought under Section 8a(6)[1] of the said Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., and that its purpose is to enforce the provisions of Order No. 2 of the Secretary of Agriculture regulating the handling of oranges and grapefruit grown in the States of California and Arizona, and to prevent and restrain the defendants from handling oranges in current of interstate commerce in violation of the provisions of said order.

It is alleged that the defendants Western Fruit Growers, Inc.; Orange Belt Fruit Distributors, Inc.; Edwards Fruit Co., Inc.; California Fruit Distributors; United Citrus Growers, Inc.; Shippers Sales Corporation; Pioneer Citrus Distributors; American Fruit Growers, Inc.; Associated Anaheim Growers, Inc.; Green and Gold Groves, Inc.; Fred W. Krinard and Russell G. Krinard, copartners; Lloyd A. Evans, Ernest E. Evans and Roy E. Evans, copartners; B. C. Rooke; Frank Belmont and E. T. Wall are all shippers of oranges in interstate and foreign commerce. Seven of the above named defendants are alleged to be also growers. Two of said defendants are alleged to be non-profit agricultural cooperative marketing associations.

The defendant Amalgamated Citrus Growers Association is alleged to be an unincorporated association of orange growers residing in California. As to this defendant there is no allegation that it is engaged in shipping oranges.

The defendants Sydney Yates, R. P. Allen, W. H. Anderson, Dan Henry, Melvin Bordeaux, Oliver Baker, Jerome Wallace, Coalson C. Morris, H. O. Michel, and John B. La Mar are alleged to be members of the Advisory Committee of said Amalgamated Citrus Growers Association.

The promulgation of Order No. 2 of the Secretary of Agriculture is then alleged, and then follow allegations of certain injunctions heretofore issued by the United States District Court; and allegations of violation of the Order by various of the defendants.

For the orderly consideration of the questions raised by this appeal, the defendants may be grouped as follows:

---

[1] 7 U.S.C.A. Sec. 608a (6) provides: "The several district courts of the United States are hereby vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this title [chapter], in any proceeding now pending or hereafter brought in said courts".

1. Defendants who, it is alleged, had been enjoined by the United States District Court from violation of the order prior to August 22, 1940 (the importance of this date will be hereinafter referred to). Defendants falling within this classification are: Western Fruit Growers, Inc.; Edwards Fruit Company, Inc.; American Fruit Growers, Inc.; Fred Krinard and Russell Krinard, doing business as Krinard Packing Company; and B. G. Rooke. In this connection it is alleged in the complaint that the injunction restrained "Hugh David Edwards, individually and doing business under the firm name and style of the Edwards Fruit Company" from handling or shipping oranges grown in California or Arizona in interstate commerce in violation of said Order; and that the defendant Edwards Fruit Company, Inc., "is the successor to and alter ego of the said Hugh David Edwards". (Placing the Edwards Fruit Company in this classification is on the assumption that it is properly alleged that this defendant is the alter ego of Hugh David Edwards doing business under the firm name and style of the Edwards Fruit Company. It is unnecessary to decide this question in this case, but see our opinion in Edwards v. United States, 9 Cir., Nov. 19, 1941, 123 F.2d 465.

2. Defendants who, it is alleged, had been enjoined from violation of the order subsequent to August 22, 1940, but prior to the filing of the complaint in the instant action: Orange Belt Fruit Distributors, Inc.; California Fruit Distributors; United Citrus Growers, Inc.; Pioneer Citrus Distributors; Associated Anaheim Growers, Inc.; Green and Gold Groves, Inc.; and Frank Belmont.

3. Defendants who have not been enjoined from violation of the order, but who, it is alleged, are violating the terms of the order. The defendants falling within this group are: Shippers Sales Corporation and Lloyd A. Evans, Ernest M. Evans and Roy E. Evans, copartners doing business as Evans Bros. Packing Co. It should be noted in passing that the allegation of violation by all of these defendants is that they are in violation of the order "in that they have failed and refused to report the shipments of oranges in interstate commerce made by them, and each of them, since said date". This allegation will be discussed later.

4. Defendants as to whom there is no allegation as to restraint or violation. They are: E. T. Wall; Amalgamated Citrus Growers Association; and Sydney Yates, R. P. Allen, W. H. Anderson, Dan Henry, Melvin Bordeaux, Oliver Baker, Jerome Wallace, Coalson C. Morris, H. O. Michel, and John B. LaMar, individually and as members of the Advisory Committee of Amalgamated Citrus Growers Association. It should be noted here that only E. T. Wall is alleged to be a shipper of oranges, the allegation as to the other defendants in this group being that they are growers of oranges. The order involved in this action is made applicable to shippers, and not growers.

Then follows the allegation in the complaint that the defendants have conspired, confederated and agreed among and with themselves to defeat said Order No. 2, by filing, on August 22, 1940, in the Superior Court of the State of California in and for the County of Los Angeles an action wherein they sought to enjoin the members of the committees charged with the administration of the order from enforcing the same, and wherein they also sought to have said State Court declare said Order to be invalid. It is alleged that the State Court on August 29, 1940, issued a temporary restraining order as prayed for by the defendants in the State Action (defendants here); that said restraining order invades the jurisdiction of the United States District Court in that it seeks to nullify and void the judgments of said District Court previously rendered, and to render said District Court powerless to enforce its decrees in the pending cases above referred to. Irreparable injury is alleged, and the complaint concludes with a prayer for a temporary restraining order, a preliminary injunction, and a permanent injunction, restraining all of the defendants from taking or applying for any further proceedings of any kind or nature whatsoever in said State Court case, and restraining the defendants E. T. Wall, Evans Bros. Packing Co., Shippers Sales Corporation, Amalgamated Citrus Growers Association, and the defendants named as members of the Advisory Committee of the Amalgamated Citrus Growers Association, from violation of the Order. (These defendants are the only defendants against whom injunctions are not already outstanding, according to the allegations of the complaint above recited.)

The District Court issued a temporary restraining order, and order to show cause why a preliminary injunction should not

issue as prayed for. The defendants filed a motion to dismiss the complaint and a motion to dissolve the temporary restraining order. These motions were denied, and the District Court made its Decree for Temporary Injunction, and the Writ of Injunction issued.

This appeal is from the order denying the motion to dismiss, and granting an injunction pendente lite, and from the decree for injunction and the writ of injunction.

For convenience we shall refer to the appellants (shippers and growers of oranges) as defendants, and to the appellee United States of America, as the Government, or as plaintiff.

Insofar as the appeal is from the order denying the defendants' motion to dismiss, the appeal should be dismissed. Such an order is not appealable. Ballard v. Mutual Life Insurance Co. of New York, 5 Cir., 1940, 109 F.2d 388.

As stated, there are here involved two injunctions, decreed against various defendants. One restrains all of the defendants from "taking or applying for any further proceedings of any kind or nature whatsoever" in the State Action above referred to; and the other restrains violation of the Order by the defendants E. T. Wall, Lloyd A. Evans, Ernest M. Evans, and Roy E. Evans, co-partners doing business as Evans Bros. Packing Co., Shippers Sales Corporation, Amalgamated Citrus Growers Association, an unincorporated association, Sydney Yates, R. P. Allen, W. H. Anderson, Dan Henry, Melvin Bordeaux, Oliver Baker, Jerome Wallace, Coalson C. Morris, H. O. Michel, and John B. La Mar, individually and as members of the Advisory Committee of Amalgamated Citrus Growers Association. We shall treat these two injunctions separately.

### The Injunction Restraining Violation of the Order

We find in the complaint no allegation whatsoever that the defendants E. T. Wall; Amalgamated Citrus Growers Association; and R. P. Allen, W. H. Anderson, Dan Henry, Melvin Bordeaux, Oliver Baker, Jerome Wallace, Coalson C. Morris, H. O. Michel, and John B. LaMar, the members of the Advisory Committee of the Amalgamated Citrus Growers Association, have violated the Order. As to all of these defendants—(with the exception of the defendant Wall) it appears affirmatively by the complaint that they are growers of oranges but it does not appear that they

are shippers of oranges and it must be kept in mind that the Order relates exclusively to shippers.

In our opinion the allegation that the defendants have "conspired, confederated, and agreed among and with themselves to defeat the said order, and in pursuance of such plan and conspiracy have heretofore, * * * filed a complaint herein in the Superior Court of the State of California, in and for the County of Los Angeles" in which action they sought to have the Order declared to be invalid, cannot be said to be the equivalent of an allegation that these defendants have violated or threatened violation of the Order.

The order itself has in it no prohibition against suits to determine its legality. Here, as we later hold, we find no more than an erroneous choice of a forum. The allegation that these parties seek an adjudication of the legality of the order is inconsistent with an existing intent to violate it. We can see no difference by way of threat between their suit in the state court to establish the invalidity of the Secretary's order and a defense by them, in a suit brought to procure an injunction against them, that the order was invalid. Certainly such a defense would not be regarded as a threat to disobey the order.

As to the allegation of violation by the remaining defendants enjoined, it should be noted that they are charged with violation "in that they have failed and refused to report the shipments of oranges in interstate commerce made by them" since a specified date. But there is nothing in the Order requiring a report to be made of shipments of oranges in interstate commerce, aside from the following provisions: Sec. 3(6). "Any shipper shipping a quantity of fruit in excess of the allotment fixed for him by the Secretary and the quantity represented by exchanges or transfers of allotments shall report such overshipment to the Growers Advisory Committee within twenty-four (24) hours from the date thereof."

There is a further provision requiring a report to be made in the event of an exchange of an allotment with another shipper.

Nowhere in the complaint appears any allegation to the effect that these remaining defendants shipped any oranges in interstate commerce at all, nor that there had been fixed an allotment for them, nor

that they were required to make any reports whatsoever. It seems apparent that the attempting allegation of violation by these parties is insufficient. There is no allegation of a threatened violation, and in the circumstances the injunction against them was improper. It is an abuse of discretion to decree such an injunction without any warrant therefor in the pleadings or proof, Behre v. Anchor Insurance Co., 2 Cir., 1924, 297 F. 986. Such an abuse of discretion is more than harmless error since, if a future claim of violation be made, it subjects the enjoined parties to a contempt charge in this case in which they should not be parties, instead of a proceeding de novo in which they may meet charges properly alleged.

### Injunction against Prosecution of State Action

This injunction relates to all of the defendants, who, as we pointed out above, may be divided into four groups. The first of these groups is made up of defendants who had been restrained by the District Court from violation of the Order, prior to the institution of the State Court action. The second group is made up of defendants who, at the time of filing the complaint in the instant action, but subsequent to filing of the State Court action, had been restrained from violating the Order. The third and fourth groups are not alleged to have been restrained by the District Court.

It is urged by the defendants that this injunction is violative of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

But, as stated by the Supreme Court in Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077: "But this section [Sec. 265] is to be construed in connection with section 262 [28 U.S.C.A. § 377] * * * which authorizes the United States courts 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law.' * * * It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court".

This is direct authority for holding that so far as the defendants falling within group one (those who had been enjoined from violation prior to the institution of the State Court proceedings) are concerned, there was no error in the District Court issuing its injunction to protect its jurisdiction already acquired.

The defendants urge, however, that it was error for the District Court to enjoin the prosecution of the State Court action by the remaining defendants, those who were not under a Federal Court restraining order at the time of the institution of the State Court proceedings, and particularly those who, so far as the pleadings disclose, have never been restrained by the Federal Court. The argument is that the subject matter is within the concurrent jurisdiction of the State and Federal Courts, and that the court first acquiring jurisdiction may hold it to the exclusion of the other. The premise that the subject matter is within the concurrent jurisdiction of the State and Federal Courts is built upon the principles announced in such cases as Claflin v. Houseman, 93 U.S. 130, 136, 137, 23 L.Ed. 833, to the effect that: "If an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court".

It is true that legal or equitable rights acquired under the laws of the United States may be prosecuted in either the United States Courts or the State courts, subject to the qualification that Congress may, if it sees fit, give to the Federal courts exclusive jurisdiction. However on the other hand, we have the principles announced in Galveston, Harrisburg and San Antonio Railway Company v. Wallace, 223 U.S. 481, 490, 32 S.Ct. 205, 206, 56 L.Ed. 516:

"The real question, therefore, presented by this assignment of error, is whether a state court may enforce a right of action arising under an act of Congress.

"Statutes have no extraterritorial operation, and *the courts of one government cannot enforce the penal laws of another.* At one time there was some question both as to the duty and power to try civil cases

arising solely under the statutes of another state. But it is now recognized that the jurisdiction of state courts extends to the hearing and determination of any civil and transitory cause of action created by a foreign statute, provided it is not of a character opposed to the public policy of the state in which the suit is brought. Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right. But jurisdiction is not defeated by implication. And, considering the relation between the Federal and state government, there is no presumption that Congress intended to prevent state courts from exercising the general jurisdiction already possessed by them, and under which they had the power to hear and determine causes of action created by Federal statute. * * *

"On the contrary, the absence of such provision would be construed as recognizing that *where the cause of action was not penal,* but civil and transitory, it was to be subject to the principles governing that class of cases, and might be asserted in a state court as well as in those of the United States". (Emphasis supplied.)

■ The Agricultural Adjustment Act, in our opinion, is penal in nature, and therefore exclusive jurisdiction is in the Federal Courts to enforce it or to prevent its violation.

■ Since the Federal Courts have this exclusive jurisdiction, there was no error in the District Court enjoining the prosecution of the attempted State action, under the principles announced in Wells Fargo & Co. v. Taylor, 254 U.S. 175, 183, 41 S.Ct. 93, 96, 65 L.Ed. 205: "The provision [Sec. 265 of the Judicial Code] has been in force more than a century and often has been considered by this court. As the decisions show, it is intended to give effect to a familiar rule of comity and like that rule is limited in its field of operation. Within that field it tends to prevent unseemly interference with the orderly disposal of litigation in the state courts and is salutary; but to carry it beyond that field would materially hamper the federal courts in the discharge of duties otherwise plainly cast upon them by the Constitution and the laws of Congress, which of course

is not contemplated. As with many other statutory provisions, this one is designed to be in accord with, and not antagonistic to, our dual system of courts. In recognition of this it has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision does not prevent the federal courts from enjoining the institution in the state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States * * * *or to prevent them from maintaining and protecting their own jurisdiction, properly acquired and still subsisting, by enjoining attempts to frustrate, defeat or impair it through proceedings in the state courts,* * * *." (Emphasis supplied.)

The portion of the decree of the District Court enjoining the prosecution of the State Court proceedings. is affirmed. The portion of the District Court's decree enjoining the violation of the Order is reversed.

MATHEWS, Circuit Judge (dissenting in part).

This appeal is from two orders of the District Court in an action by appellee against appellants under § 8a of the Agricultural Adjustment Act, 7 U.S.C.A. § 608a (1) an order which, on September 28, 1940, denied appellants' motion to dismiss appellee's complaint and (2) an order which, on October 5, 1940, granted a temporary injunction restraining (a) all the appellants from further prosecuting an action theretofore brought by them in a State court of California and (b)[1] some of the appellants from violating an order issued by the Secretary of Agriculture under § 8c of the Agricultural Adjustment Act, 7 U.S.C.A. § 608c.

This court's decision dismisses so much of the appeal as relates to the order of September 28, 1940, affirms so much of the order of October 5, 1940, as relates to part (a) of the temporary injunction and reverses so much thereof as relates to part (b). I concur in the dismissal and in the affirmance, but dissent from the reversal for the following reasons:

The granting or refusal of the temporary injunction—including, of course, part (b) thereof—rested in the District Court's discretion, the exercise of which, in the ab-

---

[1] In the majority opinion, the two parts of the temporary injunction—part (a) and part (b)—are spoken of as two injunctions.

sence of abuse, was not reviewable. Southern Pacific Co. v. Earl, 9 Cir., 82 F. 690, 692; Empire State-Idaho Mining & Development Co. v. Bunker Hill & Sullivan Mining & Concentrating Co., 9 Cir., 121 F. 973, 978; Shea v. Nilima, 9 Cir., 133 F. 209, 216; Vogel v. Warsing, 9 Cir., 146 F. 949; Alaska Pacific Ry. & Terminal Co. v. Copper River & N. W. Ry. Co., 9 Cir., 160 F. 862, 865; Kings County Raisin & Fruit Co. v. United States Consolidated Seeded Raisin Co., 9 Cir., 182 F. 59, 60; Nicholl v. Schick Dry Shaver, 9 Cir., 98 F.2d 511.[2] No abuse of discretion has been shown.

It is said that the appellants named in part (b) never threatened or intended to violate the Secretary's order, and that, therefore, the granting of part (b) was error. If so, it was harmless error; for, if these appellants never intended to violate the Secretary's order, they obviously were not injured or prejudiced by the granting of part (b).

The order of October 5, 1940, should be affirmed in its entirety.

[2] See, also, Meccano, Limited, v. John Wannamaker, New York, 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed. 822; United Fuel Gas Co. v. Public Service Commission, 278 U.S. 322, 326, 49 S.Ct. 157, 73 L.Ed. 402; Alabama v. United States, 279 U.S. 229, 231, 49 S.Ct. 266, 73 L. Ed. 675.