## BRYAN v. McCAIG ET AL.

1. In an action to try title to a mining claim, the court charged the jury that the plaintiff, in order to recover, must prove that he located his claim " by sinking a shaft at least ten feet from the lowest part of the rim at the surface, showing a well-defined crevice; posting at the discovery shaft the usual notice; placing upon the corners and center of the side-lines, stakes, six in all, marked in the usual manner; and record of the claim;" and that if the jury found that the plaintiff proved this, then defendant, in order to make his claim valid, must prove a prior location in like manner. *Held*, that the instruction did not state the requirements of the law as to what the locator of a mining claim must do to make a location, nor did it state the law in regard to marking of the location stakes, or what must be recorded, or when the record must be made, or where; but left the jury to determine the law as well as the fact.

2. In an action between claimants of a mining claim, there was evidence to show that the ore-house built on the claim by defendant was placed there for the use and benefit of another claim, and the court submitted to the jury the question of good faith and intention of defendant to make an improvement upon the claim. *Held*, not error. To make a building erected upon a mining claim an improvement, under the law requiring annual labor, it must have been placed there for the purpose of benefiting the claim, and for its improvement.

3. The court instructed the jury that plaintiff must prove "that the Apex lode was located by sinking a shaft at least ten feet from the lowest rim at the surface, showing a well-defined crevice." *Held*, that the instruction was erroneous, because it did not submit to the jury the question of fact as to whether the crevice contained mineral-bearing rock in place.

4. Under act of congress of March 3, 1881, authorizing the jury to find that the title to the ground in controversy has not been established by either party, a party claiming the right of possession of any part of the public domain, in an adverse suit, by virtue of a mining location, must establish such right by evidence of a compliance with the state and federal statutes relating to the location and holding of mining claims. And it was proper for the court to submit to the jury to find as a question of fact, from the evidence, whether the defendant had complied with such requirements of the statute.

*Appeal from District Court, Clear Creek County.*

THE facts are stated in the opinion.

Messrs. H. W. HOBSON and LUKE PALMER, for appellant.

Messrs. MORRISON and FILLIUS, for appellees.

RISING, C. Appellant, as owner of the No. 4 lode mining claim, applied for a patent therefor, and appellees, as owners of the Apex lode mining claim, filed their adverse claim, under the provisions of the statutes of the United States, to that portion of said No. 4 claim which was in conflict with said Apex claim; and, within the time required by law, appellees brought this action in support of such adverse claim. The plaintiffs predicate their right to the possession of the premises in controversy upon a full compliance by them with all the requirements of the laws of the United States, and of the state of Colorado, relating to the location of lode mining claims, in the location by them of the Apex lode, and in their complaint allege such compliance, and allege the wrongful entry of defendant upon the premises in con-

troversy, and the wrongful withholding of the same from plaintiffs. The defendant predicates his right to the possession of the premises in controversy upon a full compliance by him with all of the requirements of said laws, in the location and holding of the No. 4 lode by his grantor, prior to the said location of the Apex lode, and by himself as purchaser of said lode, and in his answer to the complaint alleges such compliance. All the material allegations of the answer are put in issue by plaintiffs' reply thereto. There is no denial in defendant's answer of any of the allegations of the complaint relating to the compliance by plaintiffs with all the requirements of the law in the location of the Apex lode.

Upon the trial plaintiffs produced evidence in support of the allegations of their complaint, tending to show a performance of all the necessary acts to make a location of the Apex lode mining claim, and showing the discovery of the lode on the 14th day of June, 1882, and the recording of a certificate of location on the 21st day of June, 1882. Defendant did not offer any evidence to rebut the evidence of plaintiffs' location of the Apex lode, but produced evidence in support of the allegations of his answer, tending to show a performance of all the necessary acts, except the posting of the proper notice at the point of discovery, to make a location of the No. 4 lode mining claim, and showing the survey of the lode on the 8th day of April, 1880, and the recording of a certificate of location on the 12th day of April, 1880. Defendant also introduced evidence for the purpose of showing the performance by him, as the purchaser of the No. 4 lode, of the annual labor required by law for the year 1882, and prior to the discovery of the Apex lode by the plaintiffs. The plaintiffs introduced evidence in rebuttal, tending to show that defendant's grantor, in attempting to locate the No. 4 lode, failed to sink the discovery shaft upon the lode to the depth of at least ten feet from the lowest part of the rim thereof at the surface.

For the determination of this case, it is only necessary to consider the first and third assignments of error.

The first assignment is that the court erred in giving the following instruction to the jury: "The court instructs the jury that the plaintiff, to recover in this cause, is bound to prove — *First*, that the Apex lode was located by sinking a shaft at least ten feet from the lowest part of the rim at the surface, showing a well-defined crevice; posting at the discovery shaft the usual notice; placing upon the corners and center of the side-lines, stakes, six in all, marked in the usual manner; and record of the claim. And if you find that plaintiffs prove this, it then devolves upon the defendant to prove an older location in the same manner; so that the oldest valid claim should hold the ground. This the defendant seeks to do by means of the No. 4 lode; but if you believe, *first*, that the discovery shaft of the No. 4 lode was not ten feet deep from the lowest point of the rim at the surface at the time of the discovery of the Apex lode in June, 1882, then the No. 4 location is invalid and void; and, *second*, if said No. 4 did not at that time show a well-defined crevice, it is void." This instruction is clearly erroneous in several particulars. The statute requires the locator of a mining claim to post at the point of discovery a sign or notice, containing the name of the lode, the name of the locator, and the date of discovery. The instruction undertakes to tell the jury what the locator is required to do to make a location, and fails to state the requirements of the law correctly. What has been said in relation to the notice is applicable to the instruction as to the marking of the stakes.

That portion of the instruction treating of the record of the claim is too indefinite to mean anything, except that some kind of a record is required. What must be recorded, and when the record must be made, and where, are questions upon which the jury should have been instructed; but upon these questions the jury is left to de-

termine the law as well as the fact. The jury are also instructed that the plaintiffs must prove "that the Apex lode was located by sinking a shaft at least ten feet from the lowest part of the rim at the surface, showing a well defined crevice." This part of the instruction, which states the law correctly, so far as it goes, is incomplete in not stating what the crevice must contain. Under the instruction as given, the crevice shown by sinking the shaft might be absolutely barren of mineral of any kind, and yet the plaintiffs would have complied with the law as given to the jury; but such compliance would not confer any right upon plaintiffs to the possession of the premises, without the further showing that such crevice contained mineral-bearing rock in place. *Van Zandt v. Argentine M. Co.* 8 Fed. Rep. 725. It is also barely possible that the instruction might be misleading to the jury, and be by them taken to mean that the locator must not only sink the discovery shaft ten feet deep from the lowest part of the rim at the surface, as the law requires, but that such shaft must be kept open to that depth. The court erred in giving this instruction.

The court gave the following instruction to the jury at plaintiffs' request: "The court instructs the jury that if you believe, from the evidence, that the building of the ore-house on the surface ground of the No. 4 lode was for the sole use and convenience of the Little Mattie mine, and not intended for the No. 4 lode, then, and in that case, you will not consider such ore-house as improvements on the No. 4 lode, unless you further find, from the evidence, that the ore-house was built in good faith to make a permanent improvement on the No. 4 lode." The third assignment of error is based upon this instruction.

The only objections urged against the instruction by counsel in their argument which call for any discussion are: *First*, that the plaintiffs having failed to plead spe-

cially the non-performance of annual labor on the No. 4 lode, that question cannot properly be brought into the case; and, *secondly*, that it was error to submit to the jury the question of intention and good faith of the owner in building the ore-house.

We do not think these objections well founded. The defense set up in the answer is that defendant has the better right to the possession of the premises by virtue of a valid location thereof, antedating the location of the Apex lode by the plaintiffs, and by virtue of a full compliance by the defendant and his grantor with the requirements of the statute necessary to continue the right to the possession of the premises so located. The replication puts in issue all the allegations of the answer upon which the defense is based. To establish his defense, it was incumbent upon the defendant to show not only a valid location of the premises, antedating the location by the plaintiffs, but to also show that the right to the possession had been kept good by a compliance with the statutes relating thereto. On the trial the defendant undertook to show such compliance by the introduction of evidence relating to the building of an ore-house on the No. 4 lode. The act of congress of March 3, 1881, authorizing the jury to find that title to the ground in controversy has not been established by either party, makes it absolutely necessary that a party claiming the right to the possession of any portion of the public domain in an adverse suit by virtue of a mining location must establish such right by evidence of a compliance with the state and federal statutes relating to the location and holding of mining claims. *Becker v. Pugh*, 9 Colo. 589. The pleadings required proof to be made of a compliance with the requirements of the statute; the policy of the law, without regard to the pleadings, requires such proof to be made. Evidence was introduced tending to show such compliance, and it was proper for the court to submit to the jury to find as a question of fact, from the

evidence, whether defendant had complied with such requirements of the statute.

This brings us to the second objection made to the instruction. The jury were instructed that if they believed from the evidence that the ore-house was built for the sole use of the Little Mattie mine, and was not intended for the No. 4 lode, then they should not consider such ore-house as improvements on the No. 4 lode in their estimate of annual labor, unless they should further find from the evidence that the ore-house was built in good faith to make a permanent improvement on the No. 4 lode. We do not think the court erred in so instructing the jury. The argument of counsel is that if an improvement is put upon a claim by the owner, it does not matter what his intentions were in so doing; that the improvement is what the law requires, and that when the improvement is made the government is satisfied without inquiring into the intentions of the owner in making such improvements. The argument rests upon the assumption that the ore-house was an improvement, and that the jury were only required to determine with what intention it was put on the claim.

The question submitted to the jury for determination was whether an improvement had been put on the claim, and they were told that, in determining whether an ore-house built on the claim was an improvement under the law relating to annual labor, they might consider the good faith and intention of the owner in having it built. To make a building erected on a mining claim an improvement, under the law requiring annual labor, it must have been placed there for the purpose of benefiting the claim, and for its development. *Smelting Co. v. Kemp*, 104 U. S. 636–655. It is absurd to say that a building erected on a mining claim is an improvement on such claim, when such building is not, and was not intended to be, of any use or benefit to the claim. That which does not, and was not intended to, improve the

claim, is not an improvement within the meaning of the statute.

The judgment should be reversed.

We concur: STALLCUP, C.; MACON, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is reversed.

*Reversed.*