## HAMMER *v.* GARFIELD MINING AND MILLING COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

No. 207.  Submitted March 15, 1889. — Decided April 8, 1889.

The modes of procedure in Montana being substantially the same at law and in equity; if the trial court there calls a jury in a case where the remedy sought is equitable, and the trial is conducted in the same manner as a trial of an issue at law, and there is a general finding by the jury, and the

case is brought here by writ of error, the finding will be treated here as if made by the court, and as covering all the issues; and the only questions which can be considered here are those arising from the rulings in the admission or rejection of evidence, and those respecting the inferences deducible from the proofs made.

In the absence of a provision of statute in Montana respecting the manner of authenticating a copy of the certificate of incorporation of a corporation of a State, filed in the records of a county of Montana, the certificate of the original custodian in the State of origin, under his seal of office, is a sufficient authentication.

The provision in Rev. Stat. § 2324, that records of mining claims shall contain such "reference to some natural object or permanent monument as will identify the claim," means only that this is to be done when such reference can be made; and when it cannot be made, stakes driven into the ground are sufficient for identification, or a reference to a neighboring mine, with distance and date of location, which will be presumed to be a well-known natural object in the absence of contradictory proof.

The oath of one of the locators of a mining claim, accompanying the recorded notice of the location is, in the absence of contradiction, *prima facie* evidence of the fact of the citizenship of all the locators.

It being established, in an action to quiet a mining title in Montana, that the plaintiff was in quiet and undisputed possession of the premises, the validity of his location not being questioned in the pleadings, and that the boundary of his claim was so marked on the surface as to be readily traced, this constitutes a *prima facie* case which can only be overcome by proof of abandonment, or forfeiture, or other divestiture, and the acquisition of a better right or title by the defendant.

A forfeiture of a mining claim cannot be established except upon clear and convincing proof of the failure of the former owner to have work performed or improvements made to the amount required by law.

The case is stated in the opinion of the court.

*Mr. Edwin W. Toole* and *Mr. Joseph K. Toole* for plaintiff in error.

*Mr. Eppa Hunton* for defendant in error.

Mr. JUSTICE FIELD delivered the opinion of the court.

This was a suit to quiet the title of the plaintiff below, the Garfield Mining and Milling Company, to a lode mining claim in Montana. It was brought under an act of the Territory providing for an action by any person in possession, by himself or his tenant, of real property, against any person who

claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest. Comp. Stats. 1887, § 366. The complaint alleges that the plaintiff is a corporation organized and existing under the laws of the State of New York for the purpose of carrying on the business of mining and milling ores bearing gold, silver, and other precious metals in Montana, and that it has complied with all the laws of the Territory relative to foreign corporations; that it is the owner of a certain quartz lode in the county of Lewis and Clark, in the Territory, known as the Garfield lode or mining claim, which has been surveyed, and is designated upon the records of the office of the United States surveyor general of the Territory, and contains an area of twenty acres and $\frac{62}{100}$ of an acre, the metes and bounds of which are given; that the plaintiff and its predecessors in interest have been in the possession of and entitled to the lode ever since its discovery and location; that, notwithstanding its right to the possession, the defendant below, the plaintiff in error here, Auge O. Hammer, on or about the first of January, 1883, assumed to enter upon the premises and re-locate the same, and caused the re-location to be recorded in the records of the county under the name of the Kinna lode; that he pretends to claim an interest or estate therein adversely to the plaintiff, and has made application to the United States Land Office at Helena, in the Territory, for a patent therefor; that the plaintiff has duly filed in that office its adverse claim to the premises, setting forth its nature and origin; and that the proceedings in the Land Office have been stayed until the final determination by the court of the right of possession to the premises.

Two other persons, by the names of Kinna and Bliss, are also made defendants, who, it is averred, assert some claim to the premises by a re-location at the same time with the defendant Hammer. The complaint alleges that the claims of all the defendants are without right, and that no one of them has any estate or interest in the mining ground nor in any part thereof.

The prayer of the complaint is:

1. That the defendants may be required to set forth the nature of their respective claims, and that all adverse claims be determined by a decree of the court;

2. That by such decree it be declared and adjudged that the defendants have not, nor has any of them, any interest or estate in or right to the possession of the premises or any part thereof, and that the title of the plaintiff to the same is good and valid, and that it is entitled to their possession; and,

3. That the defendants be forever debarred from asserting any claim whatever to the premises or any part thereof.

All the defendants filed demurrers to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The defendant Hammer withdrew his demurrer and filed an answer. It does not appear from the record what disposition was made of the demurrer of the defendants Kinna and Bliss, but as they do not appear to have taken any further part in the defence of the action and are not mentioned in the judgment, or in the appeal taken to the Supreme Court of the Territory, it may be presumed that the action was discontinued as to them.

The answer of Hammer denies that the plaintiff is the owner of the lode described in the complaint or of any part of it, or that it is now or has been for a long time in possession thereof, or of any part thereof, or that it or its predecessors in interest have ever since the discovery and location thereof been in possession of it or of any part thereof, or entitled to the possession thereof, or that the defendant at any time assumed to re-locate the premises, and to cause the re-location to be recorded in the records of the county, or that his claim is without right. The answer also sets up, that on the first of January, 1883, one Iner Wolf entered upon the premises described, the same being then vacant mineral land of the United States, and discovered thereon a vein or lode of quartz bearing silver and other precious metals, and named the same the Kinna lode, which he then located in accordance with the requirements of the law, and had a notice of the location filed for record with the county recorder; that afterwards the defendant became the purchaser of the premises from Wolf, and has ever since.

been their owner and entitled to their possession; and that
whatever claim the plaintiff ever had to them became for-
feited before the first of January, 1883, since which time it
has not had any estate, title or interest therein or possession
thereof.

A replication to the answer having been filed, the issues
raised were tried by a jury, which found a general verdict for
the plaintiff; upon which the court entered judgment in the
following form, after stating the pleadings, trial and verdict:

"Wherefore, by virtue of the law and by reason of the
premises, it is ordered, adjudged and decreed that the plaintiff
have judgment as prayed for in its complaint herein against
the defendant, Auge O. Hammer, and that all adverse claim
of the said defendant and of all persons claiming or to claim
the premises in said complaint described, or any part thereof,
through or under said defendant, are hereby adjudged and
decreed to be invalid and groundless, and that the plaintiff is,
and it is hereby declared and adjudged to be, the true and
lawful owner of the land described in the complaint and every
part and parcel thereof, and that the title thereto is ad-
judged to be quieted against all claims, demands or preten-
sions of the said defendant; and said defendant is hereby
perpetually estopped from setting up any claim thereto or any
part thereof."

Then follows a description of the premises and an order
that plaintiff recover costs. On appeal to the Supreme Court
of the Territory, the judgment was affirmed, and to review
the latter judgment the case is brought to this court.

As seen by this statement the suit is brought for special
relief, and the judgment entered is such as a court exercising
jurisdiction in equity alone could render. The courts of Mon-
tana, under a law of the Territory, exercise both common law
and equity jurisdiction. The modes of procedure in suits,
both at law and in equity, are the same until the trial or hear-
ing. As we said in *Basey* v. *Gallagher*, 20 Wall. 670, 679:
"The suitor, whatever relief he may ask, is required to state,
'in ordinary and concise language,' the facts of his case upon
which he invokes the judgment of the court. But the consid-

eration which the court will give to the questions raised by the
pleadings, when the case is called for trial or hearing, whether
it will submit them to a jury, or pass upon them without any
such intervention, must depend upon the jurisdiction which is
to be exercised. If the remedy sought be a legal one, a jury
is essential, unless waived by the stipulation of the parties;
but if the remedy sought be equitable, the court is not bound
to call a jury, and if it does call one, it is only for the purpose
of enlightening its conscience, and not to control its judgment.
The decree which it must render upon the law and the facts
must proceed from its own judgment respecting them, and not
from the judgment of others." The court might therefore
have heard this case and disposed of the issues without the
intervention of a jury. But, it having called a jury, the trial
was conducted in the same manner as a trial of an issue at
law. Such is the practice under the system of procedure in the
Territory. *Ely.* v. *New Mexico & Arizona Railroad Co.*, 129
U. S. 291; *Parley's Park Silver Mining Co.* v. *Kerr, ante*, 256.
The finding of the jury being accepted as satisfactory must be
treated as if made by the court, and, being general, as cover-
ing all the issues. The only questions, therefore, we can con-
sider on this writ of error are those arising from the rulings in
the admission and rejection of evidence, and those respecting
the inferences deducible from the proofs made. These rul-
ings, so far as we deem them of sufficient importance to be
noticed, relate to the evidence of the plaintiff's incorporation;
to the evidence of the location of the plaintiff's mining claim;
to the evidence of the citizenship of the locators; and to the
inferences to be drawn from the evidence of the plaintiff's
prior possession of the premises.

1st. As to the evidence of the incorporation of the plaintiff.
That consisted of certain records of the county of Lewis and
Clarke, purporting to be a certificate of its incorporation in
New York on the 11th day of October, 1881, duly acknowl-
edged before a notary public of the city and county of New-
York, and authenticated by the certificate of the secretary of
State of New York, under his official seal, as being a correct
copy of the duplicate original on file in his office, and also by

a certificate under seal of a commissioner of the Territory of Montana in New York as being found by him to be a correct copy after comparison of the same with the original. The introduction of these records was objected to on the ground that the papers were not properly acknowledged or authenticated. The objection is not tenable. The acknowledgment attached to the certificate is in due form, and the authentication of the copy filed, by the Secretary of State of New York, the public officer charged with the custody of the original, or of one of the duplicate originals, under his official seal, is sufficient to entitle the copy to be placed on file for record in the office of the recorder of the county, and with the secretary of the Territory. The law of the Territory in force at the time with reference to foreign corporations provided that, before they proceeded to do business under their charter or certificate of incorporation in the Territory, they should "file for record with the secretary of the Territory, and also with the recorder of the county in which they are carrying on business, the charter or certificate of incorporation, duly authenticated, or a copy of said charter or certificate of incorporation." The law does not specify in what way the copy filed shall be authenticated, and, in the absence of any provision on that subject, the certificate of the official custodian, under the seal of his office, must be deemed sufficient. It does not appear that a copy of the certificate of incorporation was filed with the secretary of the Territory, but no objection to the introduction of the county records having been taken on that ground, it will be presumed that such filing existed, and, if required, it could have been readily shown. There was no error, therefore, in the ruling of the court admitting the records of the county showing the incorporation of the plaintiff in the State of New York.

2d. As to the evidence of the location of the mining claim of the plaintiff. That consisted of the record of the notice of location. To its introduction objection was taken that it did not contain such a description of the property as was required by law, and did not refer to such natural objects or permanent monuments as would identify the claim. The record is as follows:

*" Garfield Lode.    Notice of location.*

" Notice is hereby given that the undersigned, having com-
plied with the requirements of chapter six of title thirty-two of
the Revised Statutes of the United States and the local cus-
toms, laws and regulations, has located fifteen hundred (1500)
linear feet on the above-named lode, situated in Vaughan
mining district, Lewis and Clarke county, Montana Territory,
and described as follows : Commencing at discovery stake, run-
ning fifty feet east to centre stake ; then three hundred feet
north to stake ' A ; ' thence fifteen hundred feet west to stake
' B ; ' thence six hundred feet south to stake ' C,' and fifteen
hundred feet east to stake ' D,' and three hundred feet north
to place of commencement.   This lode is located about fifteen
hundred feet south of Vaughan's Little Jennie mine and de-
scribed and located on the 4th day of July, 1880.

" JULIUS HORST.<br>
" E. F. HARDIN.

" TERRITORY OF MONTANA,    } *ss :*
   *County of Lewis and Clarke,* }

" Julius Horst, being first duly sworn, says that he and his
co-locator are citizens of the United States, over the age of
twenty-one years ; that said location is made in good faith,
and matters as stated in the foregoing notice of location by
him subscribed are true.

" JULIUS HORST.

" Subscribed and sworn to before me this 26th day of
August 1880.

" [County Seal.]         O. B. TOTTEN,<br>
*County Clerk.*"

Section 2324 of the Revised Statutes, which went into effect
on the 1st of December, 1873, provides that records of mining
claims subsequently made " shall contain the name or names
of the locators, the date of the location, and such a description
of the claim or claims located, by reference to some natural
object or permanent monument as will identify the claim."

These provisions as appears on their face, are designed to secure a definite description — one so plain that the claim can be readily ascertained. A reference to some natural object or permanent monument is named for that purpose. Of course the section means, when such reference can be made. Mining lode claims are frequently found where there are no permanent monuments or natural objects other than rocks or neighboring hills. Stakes driven into the ground are in such cases the most certain means of identification. Such stakes were placed here with a description of the premises by metes; and to comply with the requirements of the statute, as far as possible, the location of the lode is also indicated by stating its distance south of "Vaughan's Little Jennie mine," probably the best known and most easily defined object in the vicinity. We agree with the court below that the Little Jennie mine will be presumed to be a well-known natural object or permanent monument until the contrary appears, where a location is described as in this notice, and is further described "as being 1500 feet south from a well-known quartz location, and there is nothing in the evidence to contradict such a description, distance and direction."

3d. As to the citizenship of the locators of the mining claim. The Revised Statutes open the mineral lands of the public domain to exploration and occupation and purchase, by citizens of the United States and persons who have declared their intention to become citizens. It is therefore objected here that there is no evidence of the citizenship of the original locators, but the objection is not tenable. The oath of one of the locators, accompanying the recorded notice of location, as to their citizenship, is *prima facie* evidence of the fact, and it will be deemed sufficient until doubt is thrown upon the accuracy of his statement.

4th. As to the inferences deducible from the plaintiff's prior possession of the premises. The ruling of the court on that head is contained in its instructions to the jury. Though addressed to that body in an action seeking equitable relief, they indicate the judgment of the court as to the legal conclusions which should follow from the prior possession estab-

lished.　The evidence showed that the parties through whom the plaintiff derives its title had located the lode mining claim in due form of law, and had within proper time recorded the notice of location, and also tended to show that each year since the location, the original locators, or the plaintiff their successor, had caused work to be done upon the mine sufficient to retain its ownership and possession.　Upon this evidence the court instructed the jury as follows:

"If you believe from the evidence in the case that prior to the 31st day of December, A.D. 1882, the plaintiff was in the quiet and undisputed possession of the premises designated in the complaint as the Garfield lode, the validity of the original location of which is not questioned in the pleadings or testimony, claimed by the defendant as the 'Kinna lode,' that the boundaries of said claim were so marked upon the surface as to be readily traced, and that theretofore there had been discovered within said boundaries a vein or lode of quartz or other rock in place bearing gold, silver, or other precious metals, then this constitutes a *prima facie* case for the plaintiff, which can only be overcome by the defendant by proof of subsequent abandonment or forfeiture or other divestiture and the acquisition of a better right or title by the defendant."

The Supreme Court of the Territory was of opinion that this instruction was erroneous so far as it states that the validity of the original location of the Garfield lode is not questioned in the pleadings, but considered that the error in this particular was not prejudicial to the defendants.　We do not think that the statement mentioned was erroneous.　The answer does not distinctly put in issue the validity of the original location; it confines its traverse to the existing right and ownership of the plaintiff in the whole of the mining claim, to its long possession of the premises, and to the possession of the plaintiff and its predecessors since the discovery and location of the mining claim, and then sets up the alleged forfeiture of the claim by the plaintiff and the defendant's relocation of it.　Under these circumstances we are of opinion that the instruction was right in all particulars.　But we also

agree that if error intervened ·it was not prejudicial to the defendant. The Supreme Court of the Territory treated the instructions precisely as though given in an .action at law, trials of issues in suits in equity there being, as already stated, generally governed by the same incidents as trials of issues in actions at law. In that view, the instructions are not, in our judgment, open to any criticism. It is only as showing. the ruling of the court respecting the inferences deducible from the prior possession of the plaintiff that we examine them, and on that subject they express the law correctly. If the trial were treated as of a feigned issue directed by the court, different considerations would arise. An erroneous ruling in that case would not necessarily lead to·a disturbance of the verdict. *Barker* v. *Ray*, 2 Russ. 63, 75; *Johnson* v. *Harmon*, 94 U. S. 371; *Watt* v. *Starke*, 101 U. S. 247, 250, 252; *Wilson* v. *Riddle*, 123 U. S. 608, 615.

As to the alleged forfeiture set up by defendant, it is sufficient to say that the burden of proving it rested upon him; that the only pretence of a forfeiture was that sufficient work, as required by law, each year, was not done on the claim in ·1882; and that the evidence adduced by him on that point was very meagre and unsatisfactory, and was completely overborne by the evidence of the plaintiff. *Belk* v.·*Meagher*, 104 U. S. 279. :·A forfeiture cannot be·established except upon clear and convincing proof of the failure of the former owner to have work performed or improvements made to·the amount required by law.

*Judgment affirmed.*