BETSCH et al. v. UMPHREY et al.

(Circuit Court of Appeals, Ninth Circuit. July 1, 1918.)

No. 3123.

1. MINES AND MINERALS ⬤➙26—PLEADING—ADMISSIONS.
   A relocation of a claim located by another admits the validity of the original location.

2. MINES AND MINERALS ⬤➙38(12)—PLEADING—SUFFICIENCY.
   An allegation, in an answer in action to quiet title to mining claim, that "defendants are the owners in fee," etc., will not be held insufficient, on motion for judgment on the pleadings, by reason of the fact that it did not allege that they were the owners when the action was commenced.

3. PLEADING ⬤➙343—JUDGMENT ON THE PLEADINGS.
   The granting of a judgment upon the pleadings on motion is not regarded with favor by the court.

4. MINES AND MINERALS ⬤➙38(12)—PLEADING—SUFFICIENCY.
   In an action to quiet title to a mining claim, where complaint set forth affidavit of assessment work done by defendants at a certain time, but alleged that defendants had abandoned the claim, and the answer denied the allegation of abandonment, the pleadings showed a prima facie case in favor of defendant on the question of possession, although the answer did not state that defendants were in possession at the commencement of the action.

Appeal from the District Court of the United States for the Second Division of the District of Alaska: J. K. Tucker, Judge.

Suit to quiet title to mining claim by Fred Umphrey and Fred Harrison against Chris Betsch and Joe L. Jean. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

The appellees brought a suit in the court below to quiet title to a mining claim, and in their complaint they alleged that they were in possession of the claim, that they acquired title thereto by relocating on April 1, 1917, a claim known as "Creek Claim No. 5 above Discovery, West Fork of Willow Creek," located by Ben Blanker on July 4, 1914. They further set forth that on April 4, 1917, the defendants recorded an affidavit in the records of the district in which the claim was located, in which it was stated that they had expended more than $1,500 in labor on the Blanker claim during the month of October, 1916, for the assessment work of the current year 1916, and the complaint alleged that the statements contained in that affidavit were untrue, and "that if said defendants ever did have any right or interest in said mining claim, which these plaintiffs do not admit, but deny, they abandoned and forfeited the same before the entry of the plaintiff Umphrey upon the said claim." The answer denied that the appellees relocated the claim by staking or marking the same or recording a certificate of location, denied that the appellees owned the claim or were in possession thereof, denied that the affidavit for assessment work was untrue, and denied the allegation of forfeiture and abandonment, and for affirmative answer and defense alleged that the appellants "are the owners in fee, subject only to the paramount title of the government of the United States, of the ground and premises described in the plaintiff's complaint, and are in the possession and entitled to the possession of the whole thereof." The reply denied all the affirmative allegations of the answer. On these pleadings the court below sustained a motion of the appellees for judgment on the pleadings.

⬤➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

O. D. Cochran, of Nome, Alaska, and William A. Gilmore, of Seattle, Wash., for appellants.

De Journel, Nye & De Journel, of Fairbanks, Alaska, F. De Journel, of San Francisco, Cal., and Roy V. Nye, of Monrovia, Cal., for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). **[1-3]** The appellees, by alleging that their claim was a relocation of the claim located by Blanker on July 4, 1914, admitted the validity of the original location. Zerres v. Vanina, 150 Fed. 564, 80 C. C. A. 366, and cases there cited. Although the appellants do not allege in their answer that they claim title and possession under Blanker's location, sufficient appears in the complaint to show that such is the case, for the complaint presents the affidavit filed on April 4, 1917, on behalf of the appellants to show that the assessment work was done for the year 1916, and that they asserted ownership of the Blanker claim. The complaint alleges, however, that before the appellees made entry on the claim the appellants had abandoned and forfeited any interest which they might have had in the claim. That allegation was denied in the answer, and thereby an issue was presented for trial. But, say the appellees, the appellants, instead of averring in their affirmative defense that they were the owners in fee at the time when the action was commenced, alleged their ownership in the present tense, and thus admitted that they were not the owners at any prior time. If that had been the only allegation bearing upon that feature of the case, it would still have been error to enter judgment on the pleadings, for it was evidently the intention of the appellants to allege their title as of the date of the commencement of the suit. The granting of a judgment upon the pleadings on motion is not regarded with favor by the courts. "The pleading must be clearly bad, in order to justify a judgment in favor of the other party; and if there is any reasonable doubt as to its sufficiency, judgment on the pleadings will not be rendered. So the defect must be substantial and not merely formal or technical." 31 Cyc. 607.

**[4]** It sufficiently appears, however, from all the pleadings in the case, that the appellants were in possession during the year 1916 under a mining location which could only have been the Blanker location, for the relocation notice admits that location and its validity, and the appellees, by setting forth the affidavit of the assessment work done by the appellants in the year 1916, identified that assessment work and the possession of the appellants with the Blanker location, and admitted possession by the appellants in that year. That possession, so admitted, must be deemed to have continued until shown to have been discontinued. It is true that the appellees allege its discontinuance by their averment that the appellants abandoned and forfeited the mining claim, but that allegation was denied. In short, upon the appellees' own showing the appellants were in the quiet and undisputed possession of the premises in 1916, under a valid location, and those facts constitute a prima facie case, which can be overcome only by a proof of abandonment or forfeiture, or other divestiture, and the acquisition

of a better right or title by the appellees. Hammer v. Garfield Mining Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964. It was error, therefore, to enter a judgment upon the pleadings.

The judgment is reversed, and the cause is remanded for further proceedings.