**1. Trusts �kö=96—Upon repudiation of oral promise upon which land is conveyed, trust arises which may be established by parol.**

Where plaintiff was induced to convey an interest in land to defendant in reliance on defendant's oral promise to devise her entire interest to plaintiff, and after the conveyance defendant repudiated the oral agreement, the title is subject to a trust in plaintiff's favor which may be established by parol.

**2. Trusts ⊙=92½ — Oral promise, inducing grant and subsequently repudiated, may be proved to establish trust.**

Where plaintiff was induced to convey an interest in land to defendant by defendant's oral agreement, subsequently repudiated, to devise her entire interest to plaintiff, the statute of frauds does not prevent proof of the verbal promise for the purpose of establishing a trust.

Suit by Kate Robinson and another against Margaret Faville and another. Judgment of dismissal was reversed by the Court of Civil Appeals (213 S. W. 316), and defendants apply for writ of error. Writ of error denied.

Terrell & Terrell, of San Antonio, for applicants.

Lewright & Douglas, of San Antonio, opposed.

PHILLIPS, C. J. The suit was one where, according to her petition, the plaintiff, Mrs. Kate Robinson, was induced to convey to her mother, Mrs. Margaret Faville, a certain interest in real estate upon the mother's oral representation and promise that at her death she would devise to the plaintiff her entire interest in the property; which agreement was afterwards repudiated by the mother; and because of which the plaintiff sought to have the property impressed with a trust to the extent of the interest conveyed.

[1] It is clearly and rightfully the rule in this State, as was held by the Court of Civil Appeals, that the title to property acquired under such circumstances is subject to a trust and that the trust may be established by parol. Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536. Where a grant is made on the faith and because of a promise, a breach of the promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal. In such cases, where the circumstances are such as to deny the right to a rescission, equity will impose a trust upon the property as a means of defeating a fraudulent and wrongful acquisition of the title. In the phrase of Chief Justice Gibson, equity turns the fraudulent procurer of the legal title into a trustee, to get at him. Hoge v. Hoge, 1 Watts (Pa.) 214, 26 Am. Dec. 52.

[2] A verbal promise of the character here pleaded and sought to be enforced is not within the Statute of Frauds. Allen v. Allen, 101 Tex. 362, 107 S. W. 528, does not, as the plaintiffs in error urge, hold that it is. The promise is not to convey any existing interest in real estate. It is made as the means of acquiring the interest. The interest is obtained on the faith of it and it enters into the title. Because so, equity will not permit the grantee to hold the title in repudiation of the agreement.

In the Allen Case, Allen already held title to the land, and so holding it agreed, verbally, with Mrs. Sarah Allen that if she would discharge a purchase-money note given for it, the land should be hers. The oral agreement was but an agreement to convey an existing interest in land, and hence clearly within the Statute of Frauds. The decision expressly recognizes that our Statute of Frauds has no application to the establishment of parol trusts in land where the promise or understanding, the foundation of the trust, was "existing when the titles vested under the written conveyances."

The difference between that case and cases like it, and this one is that Allen was already the owner of the land when the oral agreement was made; whereas, here, Mrs. Faville, according to the pleading, acquired the title in recognition of the agreement and because of it.

Writ of error refused.

### COPPER STATE MINING CO. v. KELVIN LUMBER & SUPPLY CO. et al.
### (No. 184–3222.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1921.)

**1. Mines and minerals ⊙=27(1)—Where plaintiff holds government claim by a valid location, others cannot gain right of possession.**

Where mining claim was located on United States government land, and plaintiff was in present possession by virtue of a previous valid location with which it was connected by a regular chain of transferees and proof of requisite annual exploration work, the subsequent effort of others to locate thereon was absolutely void and insufficient to support a claim of good faith or carry any right of possession and they were naked trespassers.

**2. Mines and minerals ⊙=38(20)—Forfeiture of claim can be established only by proof of failure to perform work requisite to continue location.**

Forfeiture of a mining claim on government land can only be established on clear and convincing proof that the former locator has fail-

---

⊙ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to have the work performed or the improvement made in the amount requisite to continue his location.

**3. Mines and minerals ⊂⊃29(3)—Perfecting of claim on government land is tantamount to a grant of present and exclusive possession.**

Where the location of a mining claim on United States government land has been perfected, it is tantamount to a government grant of present and exclusive possession.

**4. Mines and minerals ⊂⊃27(1)—After claim is located according to law, the government is foreclosed from dispositon of land to subsequent locator.**

Where a mining claim has been located on government land according to law, it belongs to locator or his assigns, and the government's power of disposition to a subsequent locator is foreclosed in the absence of clear and convincing proof of former locator's failure to perform work or make improvements in obedience to law.

*Opinion of Supreme Court.*

**5. Courts ⊂⊃7—Action may be brought in one state for minerals unlawfully severed and converted in another.**

A suit to recover minerals unlawfully severed and converted in another state or the value of such minerals, where the petition is an independent cause of action for conversion distinct from that for trespass to the land, will lie in this state, and this right is not abridged or destroyed because it may be necessary to allege and prove right of possession.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Copper State Mining Company against the Kelvin Lumber & Supply Company and others. Judgment for plaintiff, and defendants appealed to the Court of Civil Appeals, which ordered the action dismissed (203 S. W. 68), and the plaintiff brings error. Judgment of the Court of Civil Appeals reversed and the cause remanded to that court.

Jno. B. Wright, of Tucson, Ariz., and F. E. Hunter, of El Paso, for plaintiff in error.

Riley M. Reed and Davis, Goggin & Harrington, all of El Paso, for defendants in error.

SADLER, P. J. This suit originated over a claim of title to ore which had been mined in Arizona and shipped into Texas for smelting. Plaintiff and defendant in error are both Arizona corporations. The plaintiff sued to recover the ore, or its value, and incidentally alleged that it had been mined in Arizona by Kidder and Burns from a claim owned by plaintiff; that defendant company had purchased from them and had delivered the ore to a smelting company at El Paso, in the state of Texas.

The real issue presented by the pleading of the plaintiff and the reply of the defendant had relation to the title and ownership of the mineral, and the remedy sought to be enforced was a recovery of the property or its value. From a judgment for plaintiff, the defendant, Kelvin Lumber & Supply Company appealed.

The Court of Civil Appeals, 203 S. W. 68, first held that no error had been committed, and affirmed the judgment. On motion for rehearing, however, it set aside its former judgment of affirmance, and ordered the cause dismissed for want of jurisdiction in the Texas courts to hear and determine the action. It was held that the cause of action was not transitory, but that it involved the determination of the title to the mining claim, and, for that reason, the suit could not be maintained in the state court.

The opinion on rehearing is based upon the proposition that Kidder and Burns were not naked trespassers, but that they were in possession, holding peaceably and adversely the claim under a subsequent good faith location made by them.

We think it unnecessary to add to the statement given in the primary opinion by the Court of Civil Appeals, further than to say: The trial court found that the plaintiff was the prior locator of the mining claim from which the ore had been extracted, and that it had performed the necessary work required as a condition subsequent to continue their present possession under the mining location.

The only evidence of a location in accordance with the mining laws of Arizona is that made by the plaintiff, to which it connects itself by regular chain of transfers and proof of the requisite annual exploration work, so as to give it the right of possession when Kidder and Burns endeavored to file.

The Court of Civil Appeals does not find against this finding of the trial court.

A suit for the recovery of personal property or its value may be brought in this state for minerals unlawfully severed and converted in another, where the petition is upon an independent cause of action for conversion of the personal property, distinct from that for trespass to the land. This right in our state courts is not abridged or destroyed because it may be necessary in such an action to allege and prove right of possession to the mining claim located in the other state. 7 R. C. L. p. 1059, § 96; Ophir Silver Mining Co. v. Superior Court, 147 Cal. 467, 82 Pac. 70, 3 Ann. Cas. 340; Brady v. Brady, 161 N. C. 324, 77 S. E. 235, 44 L. R. A. (N. S.) 279; Notes 44 L. R. A. (N. S.) 267.

[1] The land upon which the mining claim, in this instance, is located, belonged to the United States government, and at the time

Kidder and Burns entered upon the claim, the plaintiff was in present possession by virtue of a previous valid location. The subsequent effort of Kidder and Burns to locate on the claim was absolutely void, and was not sufficient to support a claim in good faith, or to carry with it any right of possession. Belk v. Henry Meagher, 104 U. S. 279, 26 L. Ed. 735.

The court holds in the last cited case that—

"Mining claims are not open to relocation until the rights of a former locator have come to an end. The right to the possession comes only from a valid location. If there is no valid location there can be no possession under it."

In this view, Kidder and Burns were naked trespassers.

[2] The forfeiture of a mining claim can only be established upon clear and convincing proof that the former locator has failed to have the work performed or the improvement made in the amount requisite to continue his location. Hammer v. Garfield Mining & Milling Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964.

[3] Where the location of a mining claim upon land the title to which is in the United States government has been perfected, it is tantamount to a grant from the government of the right of present and exclusive possession. Manuel v. Wulff, 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532.

[4] After a mining claim has been located according to law, it is the property of the locator or his assigns, and the power of the government to make disposition to a subsequent locator is foreclosed, in the absence of clear and convincing proof of failure of the former locator to have work performed or improvement made in obedience to legal demands. Noyes v. Mantle, 127 U. S. 348, 8 Sup. Ct. 1132, 32 L. Ed. 168; Hammer v. Mining & Milling Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964.

We are therefore of the opinion that the judgment of the Court of Civil Appeals, dismissing this cause, should be reversed, the cause remanded to that court for disposition upon the other assignments, and so recommend.

### Opinion of Supreme Court.

PHILLIPS, C. J. [5] We approve the holding in the report of the Commission of Appeals, that the District Court of El Paso County had jurisdiction of the cause. We regard the decision of other questions as unnecessary on this appeal, and therefore express no opinion upon them.

The judgment of the Court of Civil Appeals is therefore reversed, and the cause remanded to that Court.