## MOODEY v. DALE CONSOL. MINES.*
### No. 7845.

Circuit Court of Appeals, Ninth Circuit.

Feb. 10, 1936.

Lester V. Peterman, of Los Angeles, Cal. (Victor H. Kendrick, of Los Angeles, Cal., of counsel), for appellant.

Samuel M. Garroway, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from a decree rendered in favor of the defendant in a suit to quiet title to certain mining claims in San Bernardino county, Cal. Plaintiff commenced his suit in the superior court of the said county, and it was removed to the United States District Court because of a diversity of citizenship.

Appellant claims to be the owner of a certain group of mining claims known as the "Virginia Dale Group," comprising the mining claims and mill site known, described, and recorded as "Virginia Dale," "Rattler," "Rattler No. 1," "M. P. Long," "Good Hope," "Wheeling," and "Independent Claim." It was stipulated by the parties that the property comprising the claims involved is unpatented government land.

Appellant testified that in the fall of 1930 he entered upon the mining claims in question and removed samples of ore from each of them, which he found to contain gold. At that time there were a few old buildings, a mine shaft, some monuments, and some rusted cyanide tanks upon the premises, but appellant testified that there was no one on the premises. In the spring of 1931 he returned to the premises, removed additional samples, which were also found to contain gold, and on March 22, 1931, he returned to the premises for the purpose of preparing to locate the claims. On March 31, 1931, he again went upon the claims, measured them off, marked them, prepared his location

*Rehearing denied March 30, 1936.

notices, and put the same in the discovery monument on the claims. Appellant also testified that at none of these times did he see any one on or about the premises, and that prior to making the locations he determined from the records of the United States Government Land Office in Los Angeles, that the claims were on unpatented lands; further, that he employed a title company to search the records, and thereby determined that there was no "Proof of Labor" filed for the assessment year terminating July 1, 1930.

On March 31, 1931, appellant filed in the office of the proper county recorder copies of the notices of location which he had posted upon the claims. Between May 4 and May 27, 1932, appellant performed work of the value of $800 upon said claims, which work consisted of the construction of a road up to the shaft and an extension of the drift in the mine. Proof that this labor was performed at the instance of appellant was filed by his superintendent on June 8, 1932. Appellant performed no assessment work upon the claims during the years ending July 1, 1933, and July 1, 1934, but each year filed an affidavit claiming exemption under the act of Congress which permitted an exemption of assessment work for two years. Appellant stated in the affidavit for exemption that mining work had been suspended, but that he desired to hold the claims. Appellant further testified that in April, 1931, he sent a representative to take possession of the claims, who was relieved a week later by another representative who abandoned the property because of threats and orders to leave given by other people representing appellee who came upon the premises.

One of defendant's witnesses, Everett Carothers, testified that he helped build a bunkhouse on the property in the fall of 1929 and that the value of the work done during the year terminating July 1, 1930, amounted to $7,000. He further testified that he was employed by defendant as caretaker, that he did not see appellant on the property on March 31, 1931, "as I was repairing a pump in the pumphouse." This witness also testified that he located these same claims about May 29, 1931, "because of the fact that the title already was cloudy and that another little cloud would not hurt much," explaining that he had been advised by an attorney that, "as no proof of labor had been filed, the work on the mine did not count, and it therefore did not hold as assessment work."

Pursuant to a stipulation that defendant might submit proof of labor which might be recorded for the year ending July 1, 1930, defendant submitted a certified copy of an affidavit which had been filed by Edgar Lough, indicating that $2,000 worth of labor and improvements had been performed or made on the claims in question by or at the expense of Harry A. Reese and Flora M. Carter, as owners, for the year ending July 1, 1930, and for the purpose of holding the said claims. This affidavit was filed on April 21, 1931, in the office of the county recorder of San Bernardino county, Cal.

This being a suit to quiet title, we are mindful of the well-established rule that the plaintiff can prevail only on the strength of his case, not upon the weakness of defendant's case, and we examine this record in the light of that rule.

In Goldberg v. Bruschi, 146 Cal. 708, 711, 712, 81 P. 23, 24, it is said:

"When plaintiff made his proof, as he did, of citizenship, and that he had made a discovery of gold-bearing quartz in the land, and had shown a location according to the requirements of the law, he established his case prima facie, and he was not called upon to make further proof that the land was unoccupied mineral land of the United States. It was shown to be public land, and the presumption is that all public land is unoccupied. * * * The burden was then put upon defendant to show that the location under which he claimed title was prior in time and superior in right."

Appellant, in his case in chief, introduced evidence of his location of the claims, compliance with the provisions of Cal. Civil Code, § 1426 et seq., and compliance with the requirements of the law for the performance of yearly work. He contends that, by reason of such evidence, he established a prima facie case; that the burden then shifted to the defendant to show that said defendant's location was superior in right to that of the appellant. It is further contended that defendant could rebut the prima facie case made by appellant (1) by showing that the claims were not open to location at the time of appellant's attempted location, which defendant could do by showing a location prior in time to that of appellant; or (2)

by showing a location subsequent in time to plaintiff's location, provided that defendant also proved either a forfeiture or abandonment of the claims by appellant.

However, appellant, in his case in chief, also introduced evidence to show that no affidavit had been filed showing the value of the work performed for the year ending July 1, 1930. In other words, appellant introduced evidence to show a forfeiture of any location made prior in time to appellant's location. Conceding the fact, as appellant contends, that defendant introduced no evidence of a location prior in time to that of appellant, if no such location had been made, what reason was there for the introduction of evidence of a forfeiture of a location which did not exist? It is apparent that appellant knew of the prior location, and his evidence of forfeiture must be considered as an admission by him of such prior location; and, since appellant admitted, in his case in chief, the prior location, there was no necessity for proof of such fact by defendant.

■ A prior location by defendant having been admitted, by appellant, appellant then had the burden of establishing a forfeiture or abandonment of such location, because "A party seeking to initiate a claim to mining premises already legally located has the burden of proving by clear and convincing evidence that the annual labor thereon has not been performed, in order to establish that the ground so located is subject to relocation" (18 R.C.L. § 80), and in Belk v. Meagher, 104 U.S. 279, 284, 26 L.Ed. 735, 737, it is said:

"Mining claims are not open to relocation until the rights of a former locator have come to an end. A relocator seeks to avail himself of mineral in the public lands which another has discovered. This he cannot do until the discoverer has in law abandoned his claim, and left the property open for another to take up. The right of location upon the mineral lands of the United States is a privilege granted by Congress, but it can only be exercised within the limits prescribed by the grant. A location can only be made where the law allows it to be done. Any attempt to go beyond that will be of no avail. Hence a relocation on lands actually covered at the time by another valid and subsisting location is void; and this not only against the prior locator, but all the world, because the law allows no such thing to be done."

See, also, Thallmann et al. v. Thomas (C.C.A.8) 111 F. 277, 278, 49 C.C.A. 317, and Book v. Justice Min. Co. (C.C.Nev.) 58 F. 106, 128.

The further question arises as to whether or not appellant's evidence is sufficient to show a forfeiture of defendant's prior location.

■ Appellant's contention is that defendant forfeited the claims by failing to file an affidavit setting forth the value of labor or improvements made on the claims for the year ending July 1, 1930, as required by section 1426m of the California Civil Code, which is as follows:

"Whenever mine-owner, company, or corporation shall have performed the labor and made the improvements required by law upon any mining claim, the person in whose behalf such labor was performed or improvements made, or some one in his behalf, shall within thirty days after the time limited for performing such labor or making such improvements make and have recorded by the county recorder, in books kept for that purpose, in the county in which such mining claim is situated, an affidavit setting forth the value of labor or improvements made, the name of the claim, and the name of the owner or claimant of said claim at whose expense the same was made or performed. Such affidavit or a copy thereof, duly certified by the county recorder, shall be prima facie evidence of the performance of such labor or the making of such improvements, or both.

Under the provisions of this statute, an affidavit should have been filed on behalf of defendant within thirty days after July 1, 1930, but was not in fact filed until April 21, 1931. Even though the work was actually performed, does the failure to file the affidavit showing such fact within the time specified in the statute amount to a forfeiture? We think not.

In Book v. Justice Min. Co. (C.C.) 58 F. 106, 118, a similar statute was involved, which read as follows:

"'Within thirty days after the performance of labor or making of improvements, required by law to be annually performed or made, upon any lode or mining claim, the person in whose behalf such labor was performed or improvements made, or some one in his behalf, shall make before, and record with, the mining recorder of the district wherein such claim is situated, an

affidavit setting forth the amount of money expended, or value of labor performed or improvements made, or both, the character of expenditures, labor or improvements, a description of the claim or part of claim, affected by such expenditures or labor or improvements, for what year, and the names of the owners or claimants of said claim, at whose expense the same was made or performed. Such affidavit, or a copy thereof, duly certified by the recorder, shall be prima facie evidence of the performance of such labor, or the making of such improvements, or both.' St.Nev.1887, p. 136."

In construing this statute, the court held (58 F. 106, at page 118) that

"The object of this act was evidently to fix some definite way in which the proof as to the performance of the work or expenses incurred in the making of improvements might be, in many cases, more accessible. In all mining communities there is liable to be some difficulty in finding the men who actually performed the labor or made the improvements, and procuring their testimony, in order to establish the facts necessary to show a compliance with the mining law in this respect. * * * But the act does not prevent, and was not intended to prohibit, the owner of a mining claim from making the necessary proof in any other manner, nor does it prohibit the contesting party from contradicting the facts stated in the 'affidavit. It simply makes the record prima facie evidence of the facts therein stated. * * * There is no provision in the statute to the effect that a failure to comply with its terms will work a forfeiture, and the statute is not susceptible of any such construction. A forfeiture of a mining claim cannot be established except upon clear and convincing proof of the failure of the locators or owners of the claim to have the work done or improvements made to the amount required by law. Hammer v. Garfield Milling Co., 130 U.S. [291], 292, 9 S.Ct. 548 [32 L.Ed. 964]."

See, also, McCulloch v. Murphy (C.C. Nev.) 125 F. 147.

Appellant has assigned as error the findings of the lower court that the defendant, through its agents, servants, and employees was in possession of the mining claims in question prior to and on the 31st day of March, 1931, and that the defendant had expended money on improvements on the property. However, it is clearly shown by the evidence that defendant had employed a caretaker, and that he was on the premises and performing his duties at the time in question. It is further shown by the evidence that expenditures were made as claimed, the amount of which is evidenced by an affidavit offered in evidence by defendant.

Since we have held that the prior location of the appellee was admitted, it is unnecessary to consider appellant's contention that occupancy and labor alone will not create a right of possession in mineral lands of the United States, because this contention is based on the fact that there was no location, a fact which we have held was admitted by the appellant.

The decree of the trial court is affirmed.