## No. 14,421.

### CLARK ET AL. *v.* PUEBLO QUARRIES, INC.
(86 P. [2d] 602)

Decided January 9, 1939.

Mr. ROY A. PAYTON, for plaintiffs in error.

Mr. THOMAS L. BARTLEY, for defendant in error.

*En Banc.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

A JUDGMENT quieting in the plaintiff corporation the title to certain real property is before us for review.

The action was brought by Pueblo Quarries, Inc., as plaintiff, defendant in error here, against Darwin A. Clark and others, as defendants, plaintiffs in error here. The property in controversy consists of rival placer locations in Pueblo county.

The complaint purports to be in support of an adverse claim filed by the plaintiff corporation in the United States land office at Pueblo against the defendants, who are applicants for a mining patent. It alleges the due location of the Turkey Creek Gypsum Placer No. 1 placer claim and of the Turkey Creek Gypsum Placer No. 2 placer claim; and it further alleges that the plaintiff is in possession, and that the defendants claim some interest in the ground covered by said locations.

By their amended answer the defendants deny that the plaintiff is the owner or in possession, and allege due location of the Clark placer claim on part of the ground claimed by the plaintiff. Incorporated in the amended answer is a copy of the Clark placer location certificate, describing that placer as the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section 10, township 18 south, range 67 west of the 6th principal meridian.

The main contention in support of the judgment below is that the description in the Clark location certificate is fatally defective because this description does not expressly tie the Clark placer claim to any natural object or permanent monument, as required both by the federal statutes R. S., §2324, 30 USCA §28, and by the statutes of Colorado, '35 C. S. A., c. 110, §179 (S. L. '79, p. 140, §1).

That contention is met with the defendants' argument that, when a placer claim is located and described according to a United States government survey, such survey itself constitutes a permanent monument.

The case of *Saxton v. Perry*, 47 Colo. 263, 107 Pac. 281, strongly relied upon by the plaintiff, does not decide the point. There the proposition established was simply that the staking requirement of our state statute, '35 C. S. A., c. 110, §179 (S. L. '79, p. 140, §1), is mandatory, namely, that in addition to the filing of a location certificate the locator shall attend to "marking the surface boundaries with substantial posts, and sunk into the ground, to wit, one at each angle of the claim," a requirement not claimed

to have been ignored. The particular issue raised in the case at bar was not discussed So far as we are advised, it has not heretofore been decided in this state.

We hold that conformity of the boundaries of a placer claim with the lines of the United States government survey, by description of a placer location as covering recognized units or subdivisions of such survey, is sufficient to satisfy both the federal and the Colorado statute. As stated by Justice Field of the United States Supreme Court as early as 1889: "These provisions, as appears on their face, are designed to secure a definite description —one so plain that the claim can be readily ascertained. A reference to some natural object or permanent monument is named for that purpose." *Hammer v. Garfield Mining Co.*, 130 U. S. 291, 299, 9 Sup. Ct. 548, 551, 32 L. Ed. 964, 967. It seems to us that this design or purpose is accomplished by such a description as we have before us.

In this opinion nothing has been said about those defendants who do not claim any interest in the Clark placer claim, but who are alleged to own the Stevens Gypsum placer. What for simplicity's sake has been said in regard to the Clark placer alone applies equally to said Stevens Gypsum placer, though the claimants of the last named placer have not filed any application for patent thereon.

The judgment of the district court must be reversed, and the case remanded with directions to overrule the demurrers interposed by the plaintiff Pueblo Quarries, Inc., to the amended answers of the respective groups of defendants, and to grant the plaintiff leave to file replications to such amended answers, with a view to an early trial on the merits.

Judgment reversed with directions.

MR. JUSTICE HOLLAND not participating.