No. 14,718.

PUEBLO QUARRIES, INC. *v.* CLARK ET AL.
(110 P. [2d] 1115)

Decided February 3, 1941. Rehearing denied March 3, 1941.

Mr. H. E. Brayton, Mr. Thomas L. Bartley, Mr. A. T. Stewart, for plaintiff in error.

Mr. Roy A. Payton, Mr. George B. Baker, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This matter was before us on a previous occasion. *Clark v. Pueblo Quarries, Inc.*, 103 Colo. 402, 86 P. (2d) 602. Pursuant to the order remanding the case, trial was had on the merits, which resulted in a judgment of possession for the defendants, who were plaintiffs in error on the former review, but who are now here as defendants in error. Reversal is sought on a writ of error. Reference will be made to the parties as they appeared in the trial court.

The facts, briefly stated, were as follows: Plaintiff's predecessors in interest filed and perfected placer mining claims in Pueblo county, designated herein as Turkey Creek Gypsum Placer No. 1 and Turkey Creek Gypsum Placer No. 2, both in section 10, township 18, south range 67, west, in said county. The claims were idle until 1927 or 1928 when it appears that some gypsum had been removed therefrom, but it is not shown by whom or for whose benefit. Thereafter, and prior

to this litigation, plaintiff filed some affidavits of labor, which the statute makes prima facie evidence that there has been a compliance with labor requirements, but at the trial it developed that such labor as had been shown was performed by one Thomas and not by plaintiff. Defendants Stevens and Clark located placer mining claims on March 21st and April 6th, 1934, respectively, Stevens' claim being within the boundaries of plaintiff's No. 1 claim, and the Clark claim being forty acres within the boundaries of plaintiff's No. 1 claim, and forty acres being within the boundaries of plaintiff's No. 2 claim. Thomas, who owned the Thomas Coal and Lime Company, was interested in the production of gypsum and had a talk with one Arnold, one of plaintiff's predecessors in interest, about plaintiff's property during which Thomas said he would go out and look it over with the idea of determining "feasibility of operations" for the production of gypsum. This was the so-called oral lease upon which plaintiff relied. Thomas inspected the property on March 18, 1934, and while there met Stevens and talked with him about his (Stevens') claims, after which Thomas concluded "that if that property was his there was no doubt about but what he had the best location up there for gypsum operation." March 26, 1934, Thomas' wife and a Mrs. Brown entered into a written lease with Stevens, and Thomas promptly began operations on the Stevens claim, and has operated it continuously since, the lease being renewed for a five-year period in 1935. Royalties were paid to Stevens until the beginning of this litigation, since which time they have been deposited in court. Thomas also leased the Clark claim May 1, 1936, and the plaintiff's claims June 1, 1936, but paid royalty to Clark June 16, 1936. Protest and adverse claim was filed by plaintiff in the Pueblo Land Office September 17, 1936, and this suit was filed September 19, 1936.

The regularity of the location of plaintiff's claims and steps taken to perfect title thereto were not questioned

in any way, except as to the performance of annual labor, which includes the concomitant question of abandonment.

It was stipulated "that the Thomas Coal and Lime Company had performed work, labor and improvements sufficient and timely to show compliance with the United States mining law under the statutes of Colorado in such case made and provided for the years * * * [1934-38], on each of the claims in controversy * * * [plaintiff's 1 and 2 and Stevens and Clark placer claims], but without prejudice to plaintiff or defendants as to any other issue in the case."

As grounds for reversal plaintiff urges three propositions: 1. Abandonment should have been pleaded. 2. That in any event plaintiff in fact had not abandoned its prior location. 3. Defendants did not comply with the law in locating and staking their claims.

 1. It was not necessary to plead abandonment under the circumstances, because in an adverse suit, such as this, the law does not require it. In an adverse suit "abandonment may be proved under the general issue." 2 Lindley on Mines (3d ed.) p. 1598, §643. "Being an adverse suit, it devolved upon each of the parties to bring forward proof of every material fact necessary to sustain the validity of their respective claims, * * *." *Duncan v. Eagle Rock Co.,* 48 Colo. 569, 587, 111 Pac. 588. See, also, Costigan Mining Law, pp. 308-9 citing *Bryan v. McCaig,* 10 Colo. 309, 15 Pac. 413. In the present case defendants announced at the opening of the trial that they were relying on plaintiff's abandonment. The court could have ordered an amendment of the pleadings if such was necessary.

 2. Had the plaintiff abandoned its location? On this point plaintiff does not contend that it performed annual labor on its claims during the years immediately preceding the questioned location by defendants of the area involved, but claims that the work done on the ground by Thomas inured to its benefit and thus kept

its location alive under section 2324 R.S.U.S. If the Thomas work does not inure to the plaintiff's benefit it is clear, as the trial court found, that the area was open to location by defendants. Thus the solution of this feature of the case depends upon the determination of who is entitled to receive the benefit of Thomas' work, which it is stipulated, as indicated above, was more than sufficient for the annual requirements on both claims. To sustain its position in this behalf plaintiff relies on the alleged oral lease with Thomas early in 1934, already mentioned in the statement of facts. But even assuming that evidence concerning the alleged oral lease was admissible, which we seriously doubt, it avails the plaintiff nothing because such work as Thomas did on the premises was performed under the written lease between his wife and Stevens. In addition plaintiff, inconsistently with his present contention, advised Thomas after he had begun work for Stevens that he, Thomas, was a trespasser. Under the circumstances there never was any privity between Thomas and the plaintiff and the work done by Thomas could not legally inure to plaintiff's benefit; consequently, the territory covered by plaintiff's claims was open to location for failure to perform the annual labor.

3. As to defendants' compliance with the statutes, sections 179 and 183, chapter 110, '35 C.S.A., relative to discovery and staking, the trial court found on conflicting evidence that there was a sufficient compliance. We find support for the court's conclusion in the record, and hence do not disturb the finding.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur. MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE concur in the result. MR. JUSTICE HILLIARD dissents.